## Napier *et al.* *versus* Darlington.

1. A lease contained a stipulation that the lessee at the end of the time might have a conveyance of the premises at a specified price; he assigned the lease; *held*, that the assignee was entitled to a conveyance.

2. Such stipulation is not merely a personal covenant but a right, which may be transferred to the vendee, and enforced at his election, as if the contract had been absolute.

3. The stipulation was a continuing offer to sell, and when accepted by the lessee, a contract of sale was completed.

4. In an ejectment, the plaintiffs recovered a verdict to be released on the defendant paying into court the sum found as purchase-money of the *whole* tract, to be taken out by the plaintiffs on their filing a deed to the defendant of the premises. The defendant paid in the sum, and the plaintiffs filed a deed purporting to convey the whole tract. It being ascertained that the plaintiffs were the owners but of ⅔, the defendant was allowed to take out ⅓ of the money paid in, and the plaintiffs to file a deed conveying but ⅔.

5. Kerr v. Day, 2 Harris 112; Erwin v. Myers, 10 Wright 96, recognised.

November 2d 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county*: No. 209, to October and November Term 1870.

On the 30th of November 1868, Matilda Napier and Mary A. McCracken brought an action of ejectment against William M. Darlington for one and a half acres of land in Indiana township. The plaintiffs' abstract of title set out that they were lawfully possessed of the property in dispute, and on the 26th of May 1860 demised the same to John Dorrington and others for three years, with the privilege of five years, at an annual rent of $70; that the lessees took possession under the lease, and sub-let the same to the defendant, who refused to surrender possession at the end of the lease; as part of their abstract they filed a copy of the lease. On the trial, April 14th 1870, before Kirkpatrick, J., the plaintiffs gave in evidence the lease as follows:—

"Articles of agreement made and concluded this 26th day of May, A. D. 1860, between Mary A. McCracken and Matilda Napier of, &c., of the first part, and John Dorrington, John Wright, Henry Thomas and John McPherson, of, &c., of the second part. Witnesseth, That the said parties of the first part, for the consideration hereinafter mentioned, doth let and lease to the parties of the second part, all that certain lot or piece of ground situate in Indiana township, &c., for and during the term of three years from date, with the privilege of five years at the same rent; and at the expiration of said five years the parties of the second part

[Napier v. Darlington.]

shall have the privilege of purchasing said property for the sum of eight hundred dollars.

"The said parties of the second part agree and bind themselves to pay, or cause to be paid, to the parties of the first part, the yearly rent of $70, to be paid semi-annually, and to pay all taxes on said property for and during the term of this lease.

"The above-described property belongs to the heirs of James McCracken, deceased, &c.; this lease, if not purchased at the expiration of the term herein mentioned, to deliver up quiet and peaceable possession, without any notice or further delay, and at least in as good condition as at present, reasonable wear and tear alone excepted."

They gave in evidence the assignment of the lease, December 26th 1863, by the lessees to William H. Johnston, and assignment by Johnston, January 4th 1864, to the defendant.

The defendant gave evidence of the payment of the rent up to the expiration of the lease.

He gave evidence that at the end of the five years he tendered the purchase-money, and demanded a deed for the property.

He claimed that he was vendee under the agreement for sale in the lease, and was entitled to retain the property upon payment of the $800.

The court instructed the jury to find for the plaintiffs, with such stay of execution as the jury should fix, to be released upon defendant on or before that time paying into court the amount of the purchase-money, with interest from the expiration of the lease, with costs, the money to be paid to plaintiffs on their filing in court on or before the time fixed by the jury, a good and sufficient deed for the land described in the lease and writ.

The record shows as follows :—

"The jury found for plaintiffs with six cents damages and six cents costs, with stay of execution for 30 days from this date, and to be released upon defendant, on or before the expiration of that time, paying into court one thousand and thirty-five dollars, with interest from this date and costs; said money to be paid over to plaintiffs upon their filing in court on or before the expiration of said time a good and sufficient deed for the land described in the lease and writ in this case. May 7th 1870, in compliance with the verdict, and by order of court, defendant pays into court the sum of $1038.45 debt and interest, and $19.06 costs, which amount of $1038.45 is to be paid to plaintiffs after they shall have filed a deed to the defendant in accordance with the verdict, which deed, upon notice to defendant, shall have been adjudged by the court to be such as plaintiffs are bound to make, said deed to be filed and notice of it given within the time limited by the verdict. May 7th 1870, defendant, William M. Darlington,

20 P. F. SMITH—5

[Napier *v.* Darlington.]

pays into court the sum of $1038.45 (and $5.18 commission), which sum I have deposited subject to the further order of court. May 16th 1870, deed of plaintiff to defendants filed."

The deed was dated May 7th 1870, from the plaintiffs to the defendant, and purported to convey *all* the premises mentioned in the lease (describing them by metes and bonds) to the defendant, being land which had belonged to James McCracken at the time of his death, and which "became vested in his children and heirs, the parties of the first part hereto."

The defendant filed exceptions to the deed, the 3d of which in substance was: That the deed purported to convey the entirety of the tract; that McCracken left five children, on all whom the land descended, and that, besides the plaintiffs, three of these children or their representatives, are still living; and before accepting the deed the defendant had the right to have the proper evidence to show, whether the titles of those three had been vested in the plaintiffs.

On filing the exceptions, the court granted a rule on plaintiffs to show cause" why they should not make or exhibit to defendant a more perfect title; and why, in default of exhibiting and making a title to the entirety of the property, an amount of the money in court proportionate to the interests not conveyed, should not be refunded to defendant, upon his acceptance of their deed, for the interests which appear to be held by them." The rule was made absolute, and it was adjudged "that upon the acceptance by the defendant of the deed so filed, he be allowed to take out of court three-fifths of the money paid into court by him, exclusive of the costs of the cause."

The plaintiffs took a writ of error, and assigned for error:

2. The charge of the court.

3. Sustaining the defendant's exception to the deed.

4. Allowing defendant to take out three-fifths of the money paid into court by him.

*John Barton* (with whom was *T. M. Marshall*), for plaintiffs in error.

*J. Veech* (with whom were *D. Veech* and *D. Watson*), for defendant in error.—The defendant having elected to take the property at the end of the term, was entitled to a conveyance: Kerr *v.* Day, 2 Harris 112; Willard *v.* Taylor, 8 Wall. 557. The deed should convey a valid title: Rawle on Covenants, 559, 560; Clute *v.* Robison, 2 Johns. 613; Jones *v.* Gardiner, 10 Johns. 266; Everson *v.* Kirtland, 4 Paige 638; Pomeroy *v.* Drury, 14 Barb. 424; Colwell *v.* Hamilton, 10 Watts 413; Dearth *v.* Welsh, 2 S. & R. 498; Speakman *v.* Forepaugh, 8 Wright 363; Lloyd *v.* Farrell, 12 Id. 73; Erwin *v.* Myers, 10 Id. 96.

[Napier v. Darlington.]

The opinion of the court was delivered, July 3d 1872, by

WILLIAMS, J.—There are but two questions in this case:

1. Whether the defendant, as assignee of the lease, is entitled to the right or option given to the lessees of purchasing the demised premises at the expiration of the term?

2. Whether, if the plaintiffs are not able to convey a valid title to the entire property, the defendant may elect to take a conveyance of their interest or shares on payment of a proportionate part of the purchase-money?

Both these questions have been decided by this court after the fullest consideration. The first was determined in Kerr v. Day, 2 Harris 112, where, in the case of a lease with a stipulation that the lessee should have the privilege of purchasing the land during the continuance of the term, it was held, reversing the judgment of the court below, that the agreement giving the option to purchase was not a mere personal covenant, but a right, which, though resting solely with the lessee, might be transferred to his vendee, and enforced, at his election, with the same effect as if the contract had been absolute in its terms. Such a stipulation in a lease is in the nature of a continuing offer to sell, and when accepted by the lessee a contract of sale is completed: Willard v. Taylor, 8 Wall. 557.

The case of Erwin v. Myers, 10 Wright 96, is conclusive of the second question. It was there ruled that if the plaintiff can make title to an undivided part only of the property sold, the defendant, in an ejectment to enforce the payment of the purchase-money, may elect to take such part, and will be entitled to a verdict if he has paid a proportionate part of the purchase-money with interest. If he has paid less, the plaintiff will be entitled to the verdict to be released on payment of the portion which still remains unpaid. As it is conceded that the plaintiffs in this case can make title for only two-fifths of the land, it follows that the defendant is entitled to a conveyance of their shares on payment of a proportionate amount of the purchase-money agreed to be paid for the entire property. The case was tried on these principles in the court below, but through inadvertence in framing the final order it was so drawn as to allow the defendant, upon his acceptance of the deed filed by the plaintiffs for the entire property, to take out of court three-fifths of the whole purchase-money which he had paid into court in compliance with the verdict. If this order is allowed to stand, it will compel the plaintiffs to convey the entire property to the defendant for two-fifths of the purchase-money agreed to be paid therefor. This would be manifestly unjust. All that the defendant can lawfully require is a conveyance of the plaintiffs' interests on payment of a proportionate amount of the purchase-money, and therefore the order must be so modified as to allow him to take out of court three-fifths of

[Napier *v.* Darlington.]

the amount paid into court, exclusive of costs, upon his accept-ance of a deed for the undivided two-fifths of the land for which the plaintiffs can make title.

Judgment reversed, and a modified judgment entered.