## Nesbit *v.* Godfrey et al., Appellants.

*Landlord and tenant—Oil lease—Notice to terminate lease—Time.*

On June 12, 1890, plaintiff executed and delivered an oil lease to defendants which was to continue " during and until the full term of twenty-one years next ensuing the day and year above written." The rent was seventy-five dollars per year in advance. The lessees had power to terminate the lease at any time when they found it would not pay them to continue it. They paid seventy-five dollars on June 12, 1890, and on June 12, 1891, notified plaintiff that they elected to terminate the lease. *Held,* that on June 12, 1891, defendants had entered upon their second year, and were liable for the rent of that year.

Argued Oct. 26, 1892. Appeal, No. 42, Oct. T., 1892, by defendants, Godfrey & Clark, from order of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 45, making absolute rule for judgment for want of sufficient affidavit of defence in favor of plaintiff, Eliza J. Nesbit. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on oil lease.

The lease was executed and delivered on June 12, 1890, the material portions of which were as follows:

" The said party of the first part, in consideration of seventy-five dollars per year in advance and the stipulations, rents and covenants hereinafter contained, on the part of the said parties of the second part to be paid, kept and performed, has granted,

demised and let unto the said parties of the second part, their heirs, executors, administrators and assigns, for the sole and only purpose of boring, mining and excavating for petroleum or carbon oil and gas, and piping oil and gas and to sublet all of that certain tract of land in Fawn township, Allegheny county and state of Pennsylvania, and bounded and described as follows, to wit: . . . .

" To have and to hold the said premises peaceably and quietly for the said purpose only, for, during and until the full term of twenty-one years next ensuing the day and year above written, and so long thereafter as oil or gas shall continue to be found thereon in paying quantities. . . .

" It is hereby agreed that at any time the said Godfrey & Clark find it will not pay them to continue this lease they are hereby empowered to declare the same null and void and to be immediately released from any and all responsibilities herein."

On June 12, 1891, defendants notified plaintiff that they elected to terminate the lease. Plaintiff claimed that the notice was too late and sued to recover a second year's rent. Defendants filed an affidavit of defence denying their liability.

The court below entered judgment for plaintiff, in an opinion, after reciting the facts, as follows, by McCLUNG, J.:

" The question is whether or not, on June 12, 1891, defendants had entered upon their second year under the lease. We think the case is ruled by the cases of Lysle v. Williams, 15 S. & R. 136, and Marys v. Anderson, 24 Pa. 272. There is no substantial difference between the expressions used here and in those cases. The words are used not merely by way of computation, but a present interest is to commence from the date. In such case the day of the date is included. It is worthy of note that the first year's rent was paid June 12, 1890.

" Plaintiff is entitled to judgment for the amount of her claim, but the judgment should be without costs."

*Error assigned* was making absolute rule for judgment.

*T. D. Chantler*, for appellants, cited : Lysle v. Williams, 15 S. & R. 135 ; Marys v. Anderson, 24 Pa. 272 ; Lutz's Ap., 124 Pa. 273 ; Menges v. Frick, 73 Pa. 137 : Brisben v. Wilson, 60 Pa. 452 ; Cromelein v. Brink, 29 Pa. 522 ; Edmundson v. Wragg,

104 Pa. 500; Harker v. Addis, 4 Pa. 515; act of June 20, 1883; Anderson's Law Dictionary, 41; Sheets v. Selden, 2 Wall. 190; Byles on Bills, 327; Taylor v. Jacoby, 2 Pa. 495; Taylor's Landlord and Tenant, § 78; Farwell v. Rogers, 4 Cush. 460; Wood's Landlord and Tenant, 601.

*W. S. Nesbit,* for appellee, cited: Ray v. Natural Gas Co., 138 Pa. 576; Galey v. Kellerman, 123 Pa. 492; Wills v. Natural Gas Co., 130 Pa. 222; Lysle v. Williams, 15 S. & R. 135; Marys v. Anderson, 24 Pa. 272; Donaldson v. Smith, 1 Ash. 197; Thomas v. Afflick, 16 Pa. 14; Taylor v. Jacoby, 2 Pa. 495; Lutz's Ap., 124 Pa. 273.

PER CURIAM, January 3, 1893:

We affirm this judgment upon the opinion of the learned judge of the court below.

Judgment affirmed.