# Williams *v.* Short, Appellant.

*Actions—Parties—Administrator.*

An administrator whose account has been filed and confirmed, but who has not been discharged, has a right to sue for a debt due the decedent.

*Oil lease—Covenant—Assignment—Statute of limitations.*

Covenants to pay royalty in an oil lease run with the land, and are binding upon the assignee who has received the production from the wells; and the statute of limitations does not apply to a suit for royalties.

Argued April 25, 1893.    Appeal, No. 153, July T., 1893, by defendant, Alfred Short, from judgment of C. P. Erie Co., Nov. T., 1889, No. 3, on verdict for plaintiff, John T. Williams, administrator of William McDougal, deceased.    Before WILLIAMS, McCollum, Mitchell, Dean and Thompson, JJ.

Assumpsit, Aug. 27, 1889, to recover royalties on oil lease from June 25, 1879, to Feb. 5, 1881, date of McDougal's death.

At the trial, before GUNNISON, P. J., it appeared that on Aug. 20, 1877, Wm. McDougal executed an oil lease to Charles A. Arndt and James W. Gray. By the terms of the lease the lessor was to receive "one fourth of the oil obtained on the lease, to be delivered in any good pipe-line that may be connected with this well or wells on this lease, and to be credited to first party on the books of said line at their office." On Oct. 19, 1877, the lessees assigned the lease to defendant. The latter did not sign the lease nor the assignment of the same. On June 25, 1879, defendant wrote to the pipe-line and directed them to run all of the oil to his credit. This was done and no oil was placed to McDougal's credit until over a year afterwards. Defendant claimed that the transfer of the oil to his account was made under an order from McDougal, but there was no direct evidence to establish this. A former employee of the pipe-line company testified that transfers of interests were made only upon orders in writing.

Plaintiff offered depositions of E. R. Shepherd et al. Objected to because exhibits mentioned as attached do not appear. Objection overruled, evidence admitted and bill sealed. [1]

Counsel for defendant object to the references to the books in the deposition of Mr. Shepherd, for the reason that the books themselves would not be proper evidence if produced in court, not being such books of original entry as would be competent to offer themselves.

The Court : It is not alleged that it is a book of original entry, but there is this principle which may govern the competency of the evidence, and that is the rule which requires the best evidence that the nature of the case will admit of. When the best evidence is a written instrument of some kind, that is the best evidence and must be either furnished or its absence accounted for. Sometimes the best evidence that the nature of the case admits of is hearsay evidence, and in that case hearsay evidence is admissible. If the man who runs the oil and gauges it throughout the year does not keep a record of it, he could not testify as to it. He could not remember every day's run. Unless he keeps a record of it that would be no evidence at all. I do not know how that is, it is not shown so far.

Plaintiff's counsel proposes to follow this with evidence to show that Mr. Short, the defendant, received the money from

this oil and settled by the statement which is thus made upon the books of the pipe-line company, and that he is therefore bound by it, having assented to it and accepted it in making his settlement with the pipe-line.

Objection overruled, evidence admitted and bill sealed. [2]

Plaintiff's point was as follows:

" Plaintiff's counsel ask the court to instruct the jury that under the uncontradicted evidence in the case the verdict should be for the plaintiff for one fourth of the value of the oil produced during the period in controversy, with interest. *Answer*: The answer of the court is that under the uncontradicted evidence in the case the plaintiff is entitled to recover, and that the measure of damages would be the value of one fourth of the oil produced during the period shown by the testimony, with interest to date." [3]

Defendant's points were among others as follows:

" 1. The court is respectfully requested to charge the jury that, it appearing from the evidence that more than six years have elapsed since the alleged right of action accrued against the defendant, and prior to the bringing of this suit, the plaintiff cannot recover, and they must find for the defendant." Refused. [4]

" 2. That if the jury find from the evidence that the defendant, Alfred Short, delivered the oil in question to the pipe-lines in accordance with the lease upon which this suit is brought, that such delivery was in law a delivery to the plaintiff, the said pipe-line being the agent of the plaintiff, and such delivery was a full performance of the covenant contained in said lease, and the plaintiff cannot recover in this action. *Answer:* That point is refused. The delivery to the pipe-line with instructions to credit it to the plaintiff would be delivery to the plaintiff, but that is not the way in which the evidence shows delivery was made, so that they would not receive it as the agent of the plaintiff." [5]

4. Request for binding instructions. Refused. [6]

Binding instructions for plaintiff were given. [7]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, and (3–7) instructions; quoting instructions and bills of exception, but not evidence.

*Joseph M. Force* and *T. A. Lamb, Henry C. Yard* with them, for appellant.—The law presumes that the transfer in the pipeline was made on proper order in writing, as required by act of May 22, 1878, P. L. 105, § 3. The "run tickets" were better evidence than the books.

*John Ormerod, S. M. Brainerd* with him, for appellee, cited: Shaffer's Ap., 46 Pa. 131; Bradford Oil Co. v. Blair, 113 Pa. 83; Natural Gas Co. v. Johnson, 123 Pa. 591; McMasters v. Pa. R. R., 69 Pa. 374; Wigglesworth v. Dallison, 1 Sm. L. C. 928; Carter v. Phila. Coal Co., 77 Pa. 286; Adams v. Pittsburgh Ins. Co., 95 Pa. 356; Adams v. Coulliard, 102 Mass. 167; Briggs v. Rafferty, 80 Mass. 525.

PER CURIAM, May 22, 1893:

The plaintiff was legally competent to bring this suit. He had settled an account, but he had not been discharged from the trust which his appointment imposed. It sufficiently appeared that Short was the assignee of the lease, and received the production from the wells upon the leasehold. It was his duty to account for the royalty reserved. This he had not done. The case appears to have been carefully tried by the learned judge of the court below, and the result reached is fully justified by the evidence. We see no error that requires us to disturb the judgment and it is accordingly affirmed.