## Aderhold et al. v. Oil Well Supply Co., Appellant.

*Oil lease—Sheriff's sale—Covenants and conditions.*

A purchaser of an oil lease at a sheriff's sale acquires no greater interest or estate than that actually held by the lessee, and he takes subject to all the covenants and conditions contained in the lease.   He is therefore bound to inquire, and, failing to do so, is fixed with notice of all that inquiry would have disclosed.

*Rent—Forfeiture—Surrender—Oil lease.*

Where an oil lease provides that the lessee shall complete a well within six months from the date of the lease, or pay five hundred dollars a year thereafter, if he does not drill, the lessee cannot, after having failed to drill the well within six months, and after holding the lease until a year's rent had accrued, relieve himself from the payment of such rent by surrendering the lease.

Argued Oct. 19, 1893.    Appeal, No. 271, Oct. T., 1893, by defendant, from judgment of C. P. Butler Co., March T., 1893, No. 8, on verdict for plaintiffs, Albert Aderhold and William H. Bauman.    Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on oil lease.    Before GREER, J.

At the trial, it appeared that, on Aug. 3, 1891, defendant bought at sheriff's sale the interest of James F. Shay in an oil lease on plaintiffs' land.    The lease contained the following conditions and covenants :

" It is further agreed that the party of the second part shall complete a well on the above described premises within six months from the date hereof, or in default thereof pay to the party of the first part, for further delay, a yearly rental thereafter of five hundred dollars on the said premises herein leased, from the time above specified for completing a well until such well shall be completed : The said rental shall be deposited to the credit of the part of the first part in the Butler County National Bank or be paid direct to said first part, and a failure to complete such well, or to make such payments as are herein mentioned, shall render this lease null and void and not binding on either party.    Second party may at any time surrender up this lease and be released from any and all [further] payments or liability.    Any damages done to crops on property by the operation of second party must be paid by second party.    It is understood between the parties to this agreement, that all conditions between the parties hereunto shall extend to their heirs, executors and assigns."

" Further," as in brackets, was not in defendant's copy of lease.

Defendant went into possession of the leasehold premises, and held possession of them for fourteen months, without drilling a well or tendering rent.    It then surrendered the lease.

Defendant's points were among others as follows :

" 5. By the terms contained in the copy of the lease from plaintiffs to Shay retained by plaintiffs, defendant company, having surrendered all claim on Nov. 25, 1892, and the surrender having been accepted by plaintiffs, there can be no recovery in this case.    By the terms of that copy the surrender extin-

guished all the unpaid claims for rentals due, or to become due, at the time of the surrender. *Answer :* The surrender on Nov. 25, 1892, released the defendant company from all future claims to become due, but does not release it from accrued rentals. This is distinctly decided in Leatherman v. Oliver, 151 Pa. 646." [1]

" 6. The lease from plaintiffs to Shay having been executed in duplicate and one part thereof delivered to Shay, and one part retained by plaintiffs, the rights and liabilities of Shay's assignees are to be determined by the terms contained in the part delivered to Shay. Under that part of the lease the Oil Well Supply Company, being a purchaser for value, and without notice that the part of the lease retained by plaintiffs did not correspond with the other part of the lease, had the right to surrender and be released from all liability. And having surrendered, and the surrender, evidenced by the return of the lease to plaintiffs, having been accepted by plaintiffs without protest or offer to return, relieved the defendant company from any liability for rentals on the lease ; the verdict must be, therefore, for defendant company. *Answer :* This point cannot be sustained. The defendant company, at the time of its purchase by sheriff's sale, had not seen either papers, and was not misled or deceived. The contract as made between the parties contained the word ' further,' and was so written by the lessee." [2]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1–2) instructions, quoting them.

*T. C. Campbell, James C. Boyce* and *A. T. Black* with him, for appellant.—In Leatherman v. Oliver, 151 Pa. 646, the lease provided that no right of action shall accrue after such failure. The contract here was a mere option : Ray v. Gas Co., 138 Pa. 589.

*S. F. Bowser, Stephen Cummings* with him, for appellees, cited : Stewart v. Freeman, 22 Pa. 123 ; Leatherman v. Oliver, 151 Pa. 646 ; Galey v. Kellerman, 123 Pa. 496 ; Nesbit v. Godfrey, 155 Pa. 251 ; Borland's Ap., 66 Pa. 473 ; Negley v. Morgan, 46 Pa. 281 ; Bradford Oil Co. v. Blair, 113 Pa. 83 ; Washington N. Gas. Co. v. Johnston, 123 Pa. 576 ; Fennell v. Guffey, 139 Pa. 341 ; Springer v. Citizens' Nat. Gas Co., 145 Pa. 430.

OPINION BY MR. JUSTICE WILLIAMS, November 13, 1893:

The appellant was a purchaser of an oil lease at sheriff's sale. As such purchaser he could acquire no greater interest or estate than that actually held by the lessee, and he would take subject to all the covenants and conditions contained in the lease. He was bound, therefore, to inquire. Failing to do so, he is fixed with notice of all that inquiry would have disclosed. If he had inquired he would have learned the date of the lease from plaintiffs to Shay. He would have learned further that the lessee was bound to complete one well within six months after date of the lease; and that, failing in this, he had covenanted to pay a rent of five hundred dollars per year until such well was completed. At the same time he would have learned that the lessors had the right to terminate the lease upon default of performance on the part of the lessee; and that the tenant had the right to protect himself from "further payments or liability" accruing under the terms of the lease by a surrender of it to his lessors. Fixed with notice of the terms of the lease, the Oil Well Supply Company became the purchaser of Shay's leasehold interest, and of the tools and machinery on the ground. It did not drill a well, but took possession of and sold the drilling tools, pipe, and other articles on the lot, and offered the leasehold interest for sale.

It held the lease for somewhat over a year and until after a year's rent had accrued. It then surrendered the lease; and when this suit was brought to recover the rent that had fallen due before the surrender took place, it set up its own act of surrender as a discharge, not only from further, or accruing liabilities, but also from those already accrued.

But liabilities once accrued confer a right of action on the lessor. He may release or surrender this right by his own act, but his debtor cannot surrender it for him, or extinguish it by any act of his. This is well settled: Galey v. Kellerman, 123 Pa. 491; Leatherman v. Oliver, 151 Pa. 646; Nesbit v. Godfrey et al., 155 Pa. 251. A termination of the lease, by the act of the lessor in asserting a forfeiture, releases the lessee from his covenants from and after the day of such termination. The term may be ended by the act of the lessor, with the same effect upon rents due or covenants broken as though it had ended by its own limitation. The right of action accrued is

vested in the lessor in either case, and may be asserted without regard to the fact that the term has ended.  The doctrine contended for by the appellant makes the contract unequal and unjust.  The tenant secures all he desired, the control of the territory covered by the lease for a period of more than eighteen months, on a promise to complete one well on the land, or pay an annual rent of five hundred dollars.  When called upon to perform his covenants he surrenders his lease and insists that he has thereby relieved himself from past as well as future liability, and extinguished his landlord's right of action.  It would require a plain, unambiguous stipulation that a surrender should operate as a release of all rents due and damages accrued, to induce us to give to the act of the tenant such an effect as is claimed for it in this case.  There is no such plain, unambiguous stipulation in the lease before us, but a provision that enables the tenant to escape further or future liability by a surrender of his lease without having tested its value by drilling.

He has had the advantages of the option the lease afforded. He has escaped from his obligation to complete a well by the surrender.  He must now pay the stipulated rent to the lessor for the year during which he held the land without operating it.

The judgment is affirmed.