Nigro, Appellant, *v.* Don-Mar Corporation.

Argued November 14, 1951. Before DREW, C. J., STERN, STEARNE, BELL, LADNER and CHIDSEY, JJ.

*Rames J. Bucci,* with him *Bucci & Bucci,* for appellant.

*Sidney B. Gottlieb,* for appellee.

OPINION BY MR. JUSTICE LADNER, December 27, 1951:

Plaintiff appellant commenced this action by a complaint in ejectment to recover possession of premises 130 N. 8th Street, Philadelphia, occupied as a taproom. After an answer (which contained new matter) and a reply, plaintiff moved for judgment on the pleadings. The lower court being of the opinion that "defendant's right to possession of the property is clear" entered

judgment for the defendant on the pleadings pursuant to Pa. R. C. P. 1034(b). From this action we have this appeal.

The facts as gleaned from the pleadings are as follows: Plaintiff is the owner of the premises in question. Defendant is now in possession of said premises. On February 16, 1946, plaintiff entered into a five year lease for the subject premises with Isaac Kauffman. This lease contained in its printed portion the customary covenant against assignment or subletting without written consent of lessor. Included in the lease are also two typewritten clauses the first of which authorizes the lessee to assign the lease "under the same terms and conditions and at the same rental, provided, however, that the Lessee shall use and operate said premises under said lease as a restaurant and taproom." The other typewritten clause is a renewal clause which reads, "Lessor and Lessee further agree that anything herein contained to the contrary notwithstanding, the Lessee shall have the right to renew this lease for a further period of five years from February 16th, 1951, under the same terms and conditions and at the same rental, by giving to the Lessor written notice of his intentions to exercise his Option at least ninety (90) days prior to February 16th, 1951."

On May 10, 1946, the lessee, Isaac Kauffman, assigned the lease in writing to Richard Goldberg. This assignment had the written approval of the plaintiff and following it appeared this agreement signed by Goldberg the assignee: "As part and parcel to this lease, it is further agreed that the new lessee will at all times use the Liquor and Beer License on said premises and will not assign it to anyone to be used at another location and will not ask to have it transferred at another place; however the new lessee will have the right to assign the said license to a new purchaser to use the same on the within mentioned premises." Plain-

tiff in his complaint then avers that "On or about April 1, 1948, said Richard Goldberg sold his business to the defendant and assigned to him all his rights, title and interest in and to said lease." Defendant went into possession of the premises and from that time up to and including January 16, 1951, defendant paid rent reserved in the lease, viz. $150.00 per month which rent was accepted by the plaintiff.

It is admitted in the pleadings that defendant gave requisite and timely notice of an intention to exercise the option to renew the lease for a further term of five years, but the plaintiff argues that the defendant has no right to exercise the renewal option on two grounds: (1) that option to renew was "given to Kauffman and Goldberg only"; (2) that the assignment to defendant was ineffective because of the Statute of Frauds. The learned court below ruled that the defendant did have the option to renew and consequently, entered judgment on the pleadings in favor of the defendant from which action we have this appeal.

We find no merit in either of the grounds upon which plaintiff denies the defendant the option to renew. In answer to the first ground, viz., that the option to renew was merely a personal covenant for the benefit of the original lessor and his assignee, we can do no better than adopt the following portion of the opinion of Judge LEWIS of the court below which adequately disposes of the question: "The right of the assignee of a lease such as is before us to avail itself of an option to renew contained in the lease has seldom been questioned in the Pennsylvania courts. As long ago as in 1868, it was held by Judge THAYER, in Barclay, et al. vs. Steamship Co., 6 Phila. Reports 558, that a covenant to renew a lease runs with the land, and if the lessees assign the lease the assignee will be entitled to the renewal. This ruling was made in favor of an assignee, notwithstanding the lease had contained

a covenant against assignment without the written consent of the lessor, and where the lessor had not given such written consent, yet was held to have waived performance of that covenant and to have ratified the assignment by accepting the assignee as a tenant and receiving rent.

"In Johns vs. Winters, 251 Pa. 169, it was said: 'It has been repeatedly held that a covenant to pay rent or royalty runs with the land and is binding upon the assignee of the lease during the time that he holds possession of it: Fennell v. Guffey, 139 Pa. 341; Aderhold v. Oil Well Supply Co., 158 Pa. 401; Williams v. Short, 155 Pa. 480. A covenant to renew a lease runs with the land and if the lessees assign the lease the assignee will be entitled to the renewal.'

"Barclay, et al. vs. Steamship Co., supra, was cited as authority for the ruling that while the lease contained a covenant against assignment without the consent of the lessor, the lessor waived the performance and ratified the assignment by accepting the assignee as tenant and receiving rent, and that under such circumstances the assignee will be entitled to the benefit of the covenant to renew.

"In White et al. vs. Long et al., 289 Pa. 525, it was held that where the agreement gives a tenant a right to renew a lease and the agreement is based upon a valuable consideration, it is immaterial whether the agreement is termed an option or a lease, and that even if there was a doubt as to the meaning of the words used in such an agreement, the doubt would be resolved in favor of the lessee. The actual ruling in this case was that the right to renew was an asset of the partnership tenant and inured to the benefit of the surviving partners and to the assignees of the firm.

"To the same effect is the decision in Liggett vs. Kaufmann, 231 Pa. 398, also involving a lease held by a partnership, and in which case it was held that the

right or privilege of renewal became an asset of the partnership which, upon the death of one partner, passed to the surviving members of the firm. 'The three surviving partners became the assigns of the right or privilege to re-rent.'

"The case digests uniformly state the law to be well-recognized that 'the benefit of the lessor's covenant to renew runs with the leasehold estate and is enforceable by an assignee.' 16 R. C. L. Section 402; 35 C. J. 1013, Section 134 (bb) ; 32 Am. Jur., Sec. 987, p. 831.

"Other provisions in leaseholds, such as an option to purchase, have also been held to be covenants that run with the land, and the benefits of which, as well as the obligations, pass to the assignee. Napier vs. Darlington, 70 Pa. 64. See also Stern's Trickett on the Law of Landlord and Tenant (3rd Edition) at page 318."

The second proposition which appellant asks us to pass on is that the assignment by Goldberg to defendant was not signed by defendant, the *assignee*. We find no merit in this contention for the reason well stated by Judge LEWIS in his supplemental opinion to the effect that the Statute of Frauds (Act of March 21, 1772, 1 Sm. L. 389, Sec. 1, 33 P.S. 1) requires that only the "party so assigning" (i.e., the assignor) need execute the assignment. See *Stevenson v. Titus*, 332 Pa. 100, 2 A. 2d 853 (1938), which rules the point in principle.

Judgment affirmed.