## Spencer *versus* Clinefelter.

101 219
21 SC ¹639

1. Where a party brings suit and files a declaration claiming damages for an excessive distress, he cannot recover for distraining for more rent than was in arrear.

2. Where in such case the parties waive a trial by jury and submit the case to the court, it is not error to permit the plaintiff after the trial to amend his declaration so as to insert a clause claiming damages for distraining for more rent than was in arrear.

3. A landlord issuing a distress is required to credit on the rent in arrear only actual payments and such sums as the parties have agreed to treat as payments on account of rent. He is under no legal obligation to deduct any claim for unliquidated damages, which the tenant may have against him.

4. The fact that he fails in issuing the warrant of distress to credit on the rent in arrear such claim for unliquidated damages does not entitle the tenant to recover damages for distraining for more rent than was in arrear.

October 5th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Venango county :* Of October Term 1882, No. 120.

Case, by Milo Clinefelter against Edward Spencer to recover damages for an alleged excessive distress. The parties waived a trial by jury and submitted the case to the court, TAYLOR, P. J., under the provisions of the Act of 1874. The court found the facts to be as follows :—In the year 1872, Edward Spencer, the defendant, leased to Milo Clinefelter, the plaintiff, a lot of ground in Oil city for five years, at an annual rent of $50 per annum. By the terms of the lease Clinefelter was authorized to erect a house on the lot and to remove the same at the end of his term. Prior to August 1876, no rent had ever been paid by Clinefelter upon the lease, although the agent of Spencer had given credit on the rent to Clinefelter for certain carpenter work done by him for Spencer, which credit, in August 1876, reduced Spencer's claim for rent to $160. During said month, Clinefelter, without Spencer's knowledge, undertook to remove the house from

the demised premises.   Spencer thereupon distrained upon the house for the sum of $160.   Plaintiff did not replevy the property, but having a certain claim for damages against the defendant for an alleged disturbance of his possession of the premises by hauling dirt therefrom, instituted proceedings before a justice of the peace to defalcate or set off said claim.   The said justice rendered a judgment of "no rent in arrear," whereupon defendant appealed to the common pleas.   On the trial of the case the jury found specially " for the defendant the sum of eighty dollars, that being the amount balance of rent due after deducting defalcation."   The property distrained was held by defendant about six months, without any appraisement or sale, and was then released.   The damage sustained by the plaintiff by reason of his being deprived of the use and occupation of the property amounted to one hundred dollars; and the damage to the property amounted to the further sum of fifty dollars.

The court subsequently, after hearing the argument of counsel, entered the following opinion and order:

"The distinction between an excessive distress and a distraint for more rent than is due, is so clear that it cannot be overlooked.   There may be an excessive distress and no more rent claimed than is actually due; and there may be a distress for more rent than is due, and the property distrained barely sufficient to satisfy the claim.   Moreover the remedy is given by different statutes; and the penalty imposed for their violation is different in degree.   That there was but one chattel subject to distress is not contradicted.   The landlord had the right to distrain, and we cannot say that there was an excessive distress because the sole article liable was of greater value than the amount of rent claimed.   The evidence does not bring the case within either of the statutes; and if the action be sustained it must be at common law, for distraining for more rent than was due.   Under all the circumstances developed by the evidence, the plaintiff will be allowed to amend his declaration by adding a count for distraining for more rent than was due, and to recover but single damages for any injury he may have sustained. Additional testimony to be taken by either party if desired under rule and notice."

Plaintiff amended his declaration accordingly, no further evidence was adduced, but the case was again argued, the defendant presenting the following points.

1. Under the evidence and admissions in this case the claim made by Spencer for rent, for which distress was levied, was not larger than the amount actually due, unless the amount claimed by defendant by way of set-off or defalcation is deducted therefrom.

[Spencer *v.* Clinefelter.]

Answer.—With the addition of the words, or payments, after the word defalcation, the point is affirmed.

2. Clinefelter, in the former case, having claimed and been allowed said set-off or defalcation, is estopped in this case from setting up such amount for the purpose of reducing the original amount of Spencer's claim, for which the distress was levied.

Answer.—We cannot see the relevancy of this point, and it is therefore answered in the negative.

3. That if the amount claimed by Spencer and for which distress was levied was not larger than was actually due, unless reduced by way of set-off or defalcation, the plaintiff cannot recover.    Refused.

4. That under the special order of court, the plaintiff having shown no damage by reason of the amount of the claim distrained for being excessive, he cannot recover.

Answer.—The evidence of damage sustained was all taken before the order of the court referred to, and it has no reference thereto ; for this reason this point is answered in the negative.

5. Under the law and the evidence in this case plaintiff cannot recover.    Refused.

The court subsequently filed the following opinion :

" If the landlord desired to exercise the power to summarily seize the property of the tenant, he was bound to know the precise sum due and owing, and if he issued his warrant for more, he does so at his own peril.    In this case he issued his warrant for double the amount the tenant honestly owed him, and under the testimony it is fair to presume that had he claimed only the amount actually due, the tenant would have paid the claim, or given satisfactory security.    The defendant contends that if the amount of rent claimed and for which the distress was levied was not larger than was actually due, unless reduced by way of set off or defalcation, the distraint was not illegal.    To this we cannot assent.    It would be in effect holding, that no matter how much had been paid, the whole amount was still remaining due.    Supposing that by the terms of a lease for five years the tenant was bound to pay $1,000, and he had paid $900 ; is the whole $1,000 due?    It could not well be due, unless it was owing, and it is difficult to see how it could all be owing if nine-tenths had been paid.    The rent which has accrued and the amount of rent due are far from being synonymous terms. In the case before us the rent reserved was fifty dollars per annum, payable semi-annually in advance ; the landlord distrained, claiming $160 to be due, including the advance six months, as he had the right to do.    The jury have found there was but $80 due, and their finding as to the amount due is conclusive upon us.    It follows that having distrained for more rent than

[Spencer *v.* Clinefelter.]

was due, if by his act the tenant suffer loss, he must respond in damages: McElroy *v.* Dice, 5 Harris 163.

" It would seem but just and equitable, to set off or deduct the $80 from the amount of the plaintiff's claim, but this action is sounding purely in tort, and we know of no rule of law permitting set-off. Judgment must be entered for the plaintiff for $177, being for the amount of damage sustained with three years' interest, and the costs of suit."

Judgment was entered accordingly, whereupon defendant took this writ, assigning for error the action of the court in permitting plaintiff to amend his declaration, the answers to the defendant's points and the entry of judgment for the plaintiff.

*Jas. D. Hancock*, for the plaintiff in error.—When the case was tried the only issue before the court was whether the distress was an excessive one. Judgment would have been entered for the defendant on the issue thus tried. It was error to allow plaintiff afterwards to amend, so as to change the issue. The right of defalcation is statutory merely and the defendant need not plead it: 3 Sharswood's Blackstone's Comm. 304, n. 23 : 2 Parsons on Contracts 239, n. 5 ; Addison on Contracts 1187. The right in a case like the present is wholly conferred by the act of 1810. Clearly the landlord is not obliged to take into account possible defalcations for unliquidated damages whenever he distrains. He is only obliged to take into account actual payments or what are equivalent thereto.

*J. W. Lee*, for the defendant in error.—The court will liberally use its power of amendment: Hellings *v.* Wright, 2 Harris 373 ; Ricketson *v.* Commonwealth, 1 P. F. S. 155 ; Waite *v.* Palmer, 28 P. F. S. 192.

The distress was very clearly for more rent than was due. The court found, and it had been before found by a jury, that only eighty dollars were due the landlord at the time he distrained for one hundred and sixty. This was a relevant fact under the issue. That there might be no variance between the declaration and the evidence the court permitted an amendment. At the time of the amendment no judgment had been rendered. The case, after the amendment of the declaration, was fully argued. The evidence sustained the plaintiff's right to recover the amount of the judgment rendered by the court below. A landlord is liable in an action on the case for distraining for more rent than is due without proof of malice or want of probable cause : McElroy *v.* Dice, 5 Harris 163.

Mr. Justice STERRETT delivered the opinion of the court, November 20th 1882.

[Spencer *v.* Clinefelter.]

In view of the evidence, the learned judge was clearly right in holding that there could be no recovery under the declaration as originally filed; and we are not prepared to say that, under the circumstances, there was any error in permitting plaintiff to amend, by adding a count charging defendant with having distrained for more rent than was due. The right of amendment was neither waived nor abridged by the agreement to dispense with trial by jury and submit the decision of the case to the court, under the provisions of the Act of 1874. By allowing the amendment the plaintiff below was permitted to present for consideration and decision the only important question raised by the evidence, viz: Whether the defendant, as his landlord, did distrain for more rent than was due. Under the evidence, that became a mixed question of law and fact. If the landlord, in determining the amount of rent due at the time he issued his warrant, was legally bound to deduct from the rent in arrear, according to the terms of the lease, not only actual as well as constructive payments on account, but also the unliquidated claim for damages which the tenant appears to have had against him, it would follow that the distress was made for more rent than was due. On the other hand, if he was not required to deduct the tenant's claim for unliquidated damages, the conclusion would be that he did not distrain for more rent than he was then entitled to collect by distress.

It appears that after deducting the tenant's bill for carpenter work, the balance of rent in arrear was about $160, for which amount the landlord issued his warrant and distrained. The tenant thereupon commenced proceedings before a justice of the peace under the 20th section of the Act of 1810, Purd. 849, pl. 33, to compel the landlord to defalcate or set off, against the rent distrained for, the claim of the former for unliquidated damages. The suit thus commenced was so proceeded in, first before the justice, afterwards before arbitrators, and finally in court, that a special verdict was rendered, finding for the landlord, " defendant the sum of eighty dollars, that being the amount, balance of rent due after deducting defalcation."

The sum that was equitably due from the tenant to his landlord at that time was, of course, settled by the special verdict, but did it determine the amount for which the latter had a right to distrain when he issued his warrant? He contended that it did not; and, for the purpose of obtaining the opinion of the court on that question, he submitted several propositions, the refusal of which has been assigned for error. In the first point the learned judge was requested to say, that, "under the evidence and admissions in this case, the claim made by Spencer for rent, for which distress was levied, was not larger than the amount actually due, unless the amount claimed by way of set-

[Spencer *v.* Clinefelter.]

off or defalcation is deducted therefrom." This proposition, according to the undisputed testimony, was correct, and should have been affirmed without any qualification. And, as we understand the second point, it should have been affirmed also. The third point was, "That if the amount claimed by Spencer and for which distress was levied, was not larger than was actually due, unless reduced by way of set off or defalcation the plaintiff cannot recover." This, together with the fourth and fifth points, which are merely deductions from the preceding propositions, should have been affirmed. The undisputed evidence was, that after deducting the tenant's bill for carpenter work, there remained,—independently of the claim for unliquidated damages,—at least $160 rent due ; and, it is only by liquidating that claim at not more than $80 and deducting it from the amount for which the warrant was issued that the special verdict, above quoted, could be made up. Indeed, it is expressly stated therein, that the $80, found in favor of the landlord, is "the balance of rent due after deducting defalcation," that is, the amount allowed for damages theretofore unliquidated. While the $80, thus found, is the balance equitably owing by the tenant to his landlord at that date, it is not the amount of rent due, and for which the latter was entitled to distrain, when he issued his warrant. He was not then required to credit, on the rent in arrear, anything except actual payments, and such sums as the parties had agreed to treat as payment on account of rent. He was under no legal obligation whatever to deduct the tenant's claim for unliquidated damages. If, at the risk of being compelled to pay damages for excessive distress, a landlord is bound to deduct from the rent in arrear every conceivable claim or demand his tenant may have against him, the remedy by distress will soon become practically useless. But such is not the case. In ascertaining the amount of rent due, he is not required to credit the tenant with anything except payments on account, actual or constructive. Other matters of claim or account, which the parties do not agree to treat as payment, must be enforced by the tenant in some other way, either under the Defalcation Act before a justice of the peace or by separate suit.

We think therefore that the learned judge erred in not affirming the propositions of the defendant below, and in not holding that the claim for unliquidated damages, which was settled in the defalcation proceeding, had nothing to do with the question whether the landlord distrained for more rent than he then had a right to collect in that form of proceeding.

It is contended however that the court found there was only "Eighty dollars rent due and owing," when the distress was made ; and, that this, as a finding of fact, is conclusive. We do

not think so. It is evidently an inference drawn from the special verdict in the defalcation proceeding. The learned judge reached that conclusion by substantially holding—as he erroneously did in refusing to affirm defendant's first and third points—that the landlord was bound to deduct the unliquidated claim for damages from the rent in arrear. It manifestly resulted from an error of law, and, in effect, it is practically the same as a verdict based on erroneous instructions. If the defendant's first and third propositions had been affirmed without qualification, and adhered to, no such inference could have been legitimately drawn. On the contrary, the irresistible conclusion would have been, that there was at least $160 due at the time the warrant issued, and that plaintiff in error had a right to distrain for that amount, and therefore, under the pleadings, there could be no recovery.

From what has already been said it follows that the seventh and eighth assignments of error should also be sustained.

Judgment reversed.