# Thomas *v.* Gibbons, Appellant.

*Landlord and tenant—Wrongful distress—Remedies.*

Apart from the remedy by replevin, the tenant's redress for a wrongful distress is under the statute of Marlbridge, A. D. 1267 (Roberts's Digest, 170) ; under our act of assembly of March 21, 1772, section 3, 1 Sm. L. 370, and at common law.

Under the statute of Marlbridge, " he that taketh great and unreasonable distresses shall be grievously amerced for the excess of such distresses." This provision embraces a distress for more rent than is due, and a distress unreasonably greater in value than the rent due ; the one being a distress for an excessive amount, and the other a distress of excessive value. As these causes of action, and the evidence to sustain them, are different, the declaration should state specifically the character of the distress complained of ; it cannot be amended by adding to a count for one cause a count for the other.

Under the act of 1772, the tenant may recover double the value of goods distrained and sold when no rent is due, and must declare on the statute for this measure of damages. Such a distress, however, being wholly without authority, is a trespass throughout, and the tenant is not confined to an action on the statute, but may sue at common law for the damages actually sustained ; this, also, is his remedy if the goods distrained are not sold. In such action, the landlord's liability for exemplary damages, as in all cases of trespass, depends on the circumstances, and is to be determined by the jury, under proper instructions by the court.

A tenant brought two actions against his landlord. The first was on the statute of Marlbridge for an excessive distress, both as to the amount claimed and the quantum of the distress. The second was at common law for a wrongful seizure of the plaintiff's goods on a groundless claim for rent. The two cases were tried together. The court in answering points did not distinguish between the two cases, and did not define and make clear to the jury, the measure of damages in the first case as distinguished from that in the second case. *Held*, that a verdict and judgment for plaintiff should be reversed.

Submitted Nov. 18, 1902. Appeal, No. 8, Oct. T., 1902, by defendant, from judgment of C. P. Delaware Co., June T., 1900, No. 117, on verdict for plaintiff in case of J. Miller Thomas v. Lydia Gibbons, I. Engle Cochran, Jr., and Job Wheaton. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass for wrongful distress.

From the record it appeared that two separate actions were

brought by the plaintiff against the defendant, in the first of which the plaintiff claimed damages for an excessive distress, both as to the amount claimed, and the quantum of the distress, and in the second of which he claimed damages for a wrongful seizure of goods on a groundless claim for rent.

Plaintiff presented this point:

This case being at common law and not under the statute does not change the principle involved. The common law declares that the landlord under such circumstances "shall be grievously amerced," and the jury should find a substantial verdict for the plaintiff, which will not only compensate him for his loss, but which will also punish the defendants for a wilful and unlawful trespass. *Answer:* That is the law, if you find that there was no rent in arrear or that the levy or distraint was excessive. [3]

Defendant presented this point:

If your verdict is for the plaintiff, you can only find such damages as the plaintiff actually sustained by reason of the distress upon the goods which it was necessary to take. *Answer:* I cannot say that they should be limited to the amount of the distress warrant. [4]

Verdict and judgment for the plaintiff in the first suit for $84.66, and in the second suit for $390. Defendant appealed.

*Errors assigned* were (1) in not giving to the jury any measure of damages by which to arrive at a verdict; (3, 4) above instructions, quoting them.

*George T. Butler*, for appellant.—The entire case for defendants can be argued from one point.

That the court did not properly instruct the jury as to measure of damages.

What are the proper measure of damages for:

1. Distress for more rent than is due.
2. Excessive distress.
3. Distress where no rent due, when no malice is shown.

1. Distress for more rent than is due. That at common law seems to have been allowable, "because it was more likely to induce or compel the payment of the rent due, and until the statute of Marlbridge, 52 Hen. III, c. 4, there was no restriction

upon the landlord in this respect: " McKinney v. Reader, 6 Watts, 34.

The said statute provides as follows : " Distress shall be reasonable, and not too great; and they that take unreasonable and undue distresses shall be grievously amerced, for the excessive distress."

Under this act, the mere act of distraining for more rent than is due is a sufficient cause of action and makes the landlord subject to amercement (McElroy v. Dice, 17 Pa. 163), but that there should be no proper safeguards surrounding the degree of amercement, based upon the landlord's action, measured by whether it was malicious and oppressive, or by mistake, seems unreasonable.

A distress for more rent than was due was justifiable at common law, and the evident intention of the Statute of Marlbridge was to curtail this privilege and punish the landlord by grievous amercement where he made such a distress knowingly in order to hasten payment. It is a reasonable conclusion that where such a distress is made by mistake, and an action is commenced under the statute of Marlbridge, unless actual damage is shown, the amercement should be but nominal.

2d. Excessive distress. This is where more goods are taken than are necessary to satisfy the rent and must also be under the statute of Marlbridge, for prior to that act such a distress was permissible. See McKinney v. Reader. As in the other count, this act seems to have been passed to provide a punishment, where the landlord made such a distress as an act of oppression; but where the unnecessary distress was made in good faith, there has been a reasonable measure of damages applied. See Piggott v. Birtles, 1 Meeson & Welsby, 450, where the court said : " The true measure of damages is simply compensation for the additional expense of the distress, and of keeping possession of that part of the crops which it was unnecessary to take during the time of possession ; and compensation for the loss of the absolute ownership and power of disposition for the same time," in other words, it is damages measured upon the actual damage done.

3d. Distress where no rent was due, is at common law (see Rees v. Emerick, 6 S. & R. 286), and unless actual damage is shown, nothing more than nominal damages may be recovered,

unless the landlord acted maliciously, in which case the jury might be instructed to give punitive damages.

*Benj. C. Potts*, with him *Charles J. Hepburn*, for appellee.

OPINION BY SMITH, J., December 13, 1902:

Aside from the remedy by replevin, the tenant's redress for a wrongful distress is under the statute of Marlbridge, A. D. 1267 (Roberts's Digest, 170); under our act of assembly of March 21, 1772, section 3 (1 Sm. L. 370); and at common law.

The statute of Marlbridge provides that "Distresses shall be reasonable, and not too great. And he that taketh great and unreasonable distresses shall be grievously amerced for the excess of such distresses." The grievous amercement thus provided for corresponds in substance to the exemplary or punitive damages of the present day. At common law an excessive distress was lawful, since it was more likely to induce prompt payment of the rent: McKinney v. Reader, 6 Watts, 34.

The act of March 21, 1772, section 3, provides that for a distress and sale when no rent is due, the tenant may recover double the value of the goods distrained and sold. He is not, however, restricted to an action on the statute, with this measure of damages, but may recover at common law for the actual injury sustained; it being well settled that "Where a statute gives a remedy in affirmation, for a matter actionable at common law, a party may sue at common law, and waive his remedy by statute:" Rees v. Emerick et al., 6 S. & R. 286.; Richards v. McGrath, 100 Pa. 389. The landlord's seizure of the tenant's goods when no rent is due is wholly without authority, and in such case he is a trespasser ab initio: Fretton v. Karcher, 77 Pa. 423. "Making the distress, when the claim is wholly false, is a mere trespass:" Richards v. McGrath, supra. If the tenant would recover double damages, he must declare on the statute: Royse v. May, 93 Pa. 454.

An action for an excessive distress may be sustained either when the distress is for more rent than is due, or the goods distrained are, in value, unreasonably in excess of the rent due. Both are excessive distresses, under the statute: the one for an excessive amount, the other of an excessive quantity of

goods : McKinney v. Reader, supra; McElroy v. Dice, 17 Pa. 163; Richards v. McGrath, supra. In an action on the statute, however, the declaration should set forth distinctly the character of the excessive distress. A declaration for distraining an excessive quantity of goods cannot be amended by adding a count for distraining for more rent than was due, since the causes of action, and the evidence to sustain them, are different: Spencer v. Clinefelter, 101 Pa. 219.

The pleadings in the cases before us are not printed in either paper-book. It is stated, however, in the appellant's argument, that in the first action the plaintiff declared (1) on a distress for more rent than was due; (2) on an excessive distress : and in the second action (1) on a distress where no rent was due; (2) On an excessive distress. It does not appear that the count for a distress when no rent was due was upon the statute; and since the goods distrained were not sold, such a count could not be sustained. Hence the gravamen of the plaintiff's case in the second action is the wrongful seizure of his goods on an unfounded claim for rent.

The verdicts are conclusive of the facts that the first distress was for more rent than was due, and that no rent was due when the second was made. The only question arising under the assignment of error, is whether the measure of damages in each case was correctly stated by the trial judge.

The two actions are based on different grounds. The first is on the statute of Marlbridge, for an excessive distress, both as to the amount claimed and the quantum of the distress. The second is at common law for a wrongful seizure of the plaintiff's goods on a groundless claim for rent. The trial of the cases together led to confusion, and the failure to discriminate between them resulted in error. The plaintiff's second point sets forth that "the case is at common law, and not under the statute," which is correct as to the second case, but not as to the first; and further sets forth the measure of damages, which is correct as to the first case, but not unqualifiedly so as to the second. The answer was correct as to the first case, but should have been modified as to the second. In the first case, the defendant might be "grievously amerced," or mulcted in exemplary damages, if an excessive distress was shown; but in the second case his liability to

exemplary damages, as in all cases of trespass, depended on the circumstances, and was to be determined by the jury, under proper instructions by the court. The defendant's first point could not properly have been affirmed as to the first case, and required qualification as to the second, while the answer was wholly indefinite, neither affirming or refusing it, nor laying down any measure of damages. As already said, whether, in the second case, the damages should be compensatory or exemplary, was to be determined by the jury.

As the answers to these points fail to distinguish between the two cases, or show to which they apply, they are as a whole erroneous. Neither the charge, nor the answers to the points, gives the true measure of damages in either case.

The first, third and fourth specifications are sustained, and the judgment is reversed, with a venire de novo.