# Ford Chain Block and Manufacturing Company, Appellant, v. Hess's Estate.

*Landlord and tenant—Replevin—Distress—Set-off—Unliquidated damages—Parol agreement.*

1. In an action of replevin a tenant cannot set off unliquidated damages against a distraint for rent in arrear, where the damages result from the breach of an agreement in parol, and not in the lease, on the part of the landlord to repair the roof of the demised premises.

2. Where the defendant in an action of replevin to recover goods taken on distress for rent is named as "Estate of David M. Hess," and the plaintiff claims to set off against the rent in arrear damages result-

ing from a breach of a parol agreement made by the "Estate of David M. Hess" the claim cannot be sustained because of the lack of certainty of the person who made the alleged parol agreement.

Argued Oct. 15, 1913. Appeal, No. 100, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1912, No. 2,115, sustaining demurrer to statement in case of Ford Chain Block and Manufacturing Company v. Estate of David M. Hess, deceased, and Maurice Levy, Constable. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Replevin to recover goods taken under distress of rent.

The statement of claim contained, inter alia, the following averment:

Plaintiff by defendant, "Estate of David M. Hess," was induced under the conditions hereinafter set out to sign a written lease or agreement (copy of which is hereto attached and made part of this statement), wherein and whereby the defendant, estate of David M. Hess, leased or rented the premises situate in the city of Philadelphia, known and numbered as 139 Oxford street, for the term of three years from March 1, 1912. At the time and immediately prior to the execution of the lease for the said premises the defendant, estate of David M. Hess, and plaintiff, knowing the roof of the leased premises was in bad order and plaintiff refusing to sign lease unless the same was repaired, defendant, estate of David M. Hess, promised plaintiff if he would sign the lease, the roof of premises would be repaired at once. Whereupon plaintiff signed the lease upon the special promise and agreement aforesaid. Defendant, estate of David M. Hess, has from time to time neglected and refused to repair said roof and refused to allow plaintiff to repair and deduct from the rent whereby great damage has accrued to plaintiff by reason of their material, to wit, their iron blocks, chains, bars and machinery. The stock of plaintiff has been in-

jured to the amount of $175. Plaintiff company is advised and informed, and therefore aver that at the time the representations in relation to the roof were made defendant, Hess estate, knew that said roof was not water-tight and would leak. Plaintiff relying upon the assurances and representations made by said defendant, estate of David M. Hess, and in consideration of the same, signed said lease and went into possession, placing therein their goods and chattels.

The court sustained a demurrer to the statement.

*Error assigned* was the judgment of the court.

*John F. Gorman,* with him *William Gorman,* for appellant.—This case, plaintiff submits, is ruled by the case of Fairman v. Fluck, 5 Watts, 516.

*Henry Budd,* for appellee.—In replevin no set-off is allowable: Fairman v. Fluck, 5 Watts, 516; Peterson v. Haight, 3 Whart. 150; Macky v. Dillinger, 73 Pa. 85; Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399.

This rule has not been changed by the Replevin Procedure Act of April 19, 1901, P. L. 88 (4 Stew. Purd., pp. 4138 et seq.); National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582.

OPINION BY HENDERSON, J., February 20, 1914:

The plaintiff issued a writ of replevin to recover the goods taken on a distress for rent. The execution of the lease was not denied nor that by its terms an installment of rent was due. The tenant denied liability, however, because as alleged in its statement filed the lease was signed by the plaintiff upon the assurances and representations of the lessor that the roof of the demised premises which was not water-tight would be repaired; that repairs were not made as promised and that the property of the defendant in the building was damaged to the amount of $175 because of the defective condition

of the roof. A demurrer was filed to the statement which was sustained by the court and judgment entered for the defendant. The appeal is taken from that judgment. Seven objections were taken to the sufficiency of the plaintiff's statement. The first three suggest that the claim set up is for the recovery of unliquidated damages for an alleged breach of contract and is an attempt to set off against rent damage arising out of·a breach of an alleged collateral contract without an averment that it was agreed by the parties to the lease that such damages should be regarded as a payment on account of rent. It is not alleged in the statement that the lease contained any provision requiring the lessor to repair; on the contrary, the lessee covenanted to keep the demised premises in good condition during the continuance of the lease. What is alleged is that immediately prior to the execution of the lease and as an inducement to the plaintiff to sign the same the lessor promised that the roof of the premises would be repaired at once on which promise and agreement the plaintiff signed the lease. It is not asserted that this alleged agreement was omitted from the lease by mistake or that there was fraud, accident or mistake in the execution of the lease. The defense presented to the payment of the rent is therefore a claim for damage to the stock of the plaintiff in the leased premises caused by the leaky condition of the roof. The amount of the rent claimed was $125 and the damage set up is much in excess of that amount. It is a familiar rule that set-off is not admissible in an action of replevin and the plaintiff's claim of damage arising out of the verbal agreement set forth in the statement was in the nature of a · set-off. Reliance is placed by the appellant on Fairman v. Fluck, 5 Watts, 516, as a precedent supporting the position taken. That was a case, however, where the claim arose out of the lease itself. The tenant made defense in the action of replevin on the ground that the landlord had covenanted in the lease to improve the

condition of the wagon yard attached to the tavern which he failed to do by reason whereof the tenant lost the patronage of the place to an amount equal to the whole of the quarter's rent claimed in the suit. While it was decided in that case that set-off could not be made available as a defense in replevin the right of the tenant to defend against the claim for rent because of the failure of consideration was sustained.  Where in the lease certain things are covenanted by the landlord to be performed which form the consideration or a part of the consideration for the rent to be paid by the tenant and the landlord neglects or refuses to fulfill his covenant such a breach of contract may be set up to defeat the claim for rent or so much of it as the loss sustained by the tenant for covenants broken amounts to.  In such a case the defense arises out of the lease and is admissible because the thing demised was not wholly delivered to the lessee.  But the lease we have to consider placed no obligation on the landlord to make any change in the condition of the property and has no covenant conflicting with the right to collect the rent.  If the parol contract was made as claimed by the tenant and damages resulted from the failure of the landlord to make the repairs provided for the damages claimed would arise not out of the lease but out of the collateral contract and could only be introduced in the case as a set-off which the law does not permit.  The distinction is clearly pointed out in Spencer v. Clinefelter, 101 Pa. 219, in which case it was held that unliquidated damages could not be set off in replevin.

There is the further objection to the statement that it does not name any person or corporation with whom the parol agreement which the plaintiff sets up was made.  The actor in the transaction with the tenant is described as "the defendant estate of David M. Hess." It was this impersonal party which promised to make repairs and agreed that if the plaintiff would sign the lease the roof should be improved.  The plaintiff's re-

liance on the assurance made by the "defendant estate" brought about the execution of the lease. This "defendant estate" created all the obligations which are alleged to be the basis of the plaintiff's exemption from liability for the rent. It is argued by the appellant that inasmuch as the lease was signed "Est. of D. M. Hess, Edw. H. Hess" on behalf of the lessor that the averments are sufficiently made in the statement of claim. Whether the lease was so executed as to convey a valid estate we are not called upon to determine. The lessee got possession and no one has denied the binding effect of the lease, but when the tenant sets up a parol agreement which is claimed to be effective to avoid liability for the rent it becomes important that it be made to appear that some person having authority so to do had bound the owner of the premises. No person, corporation or firm is named as the maker of the agreement with the tenant in regard to the repairs. Surely some person who had a legal relation to the title involved must have contracted with the tenant in order to create an obligation affecting the owner or owners of the property. There is not stated, therefore, a cause of action which binds the owner of the estate. If it might be assumed that Edward H. Hess was an executor or trustee of the estate of D. M. Hess and invested with authority to lease the premises the statement still lacks an averment that the alleged agreement was entered into with him. Without considering the other objections to the statement the action of the court should be sustained in entering judgment on the demurrer on both the grounds herein considered.

The judgment is affirmed.