## Lanier et ux. v. White et ux.

*Paul N. Barna,* for plaintiffs.

*Dwight W. Anderson,* for defendants.

GIBSON, J., April 4, 1936. — Plaintiffs brought their action of trespass against defendants and, after numerous pleadings had been filed, the case had once been called for trial and continued by reason of defective pleadings, plaintiffs filed a second amended statement of claim. Defendants move to strike off this statement of claim under section 21 of the Practice Act of May 14, 1915, P. L. 483, for various reasons.

Section 21 of the Practice Act provides that the court may, upon motion, strike from the record a pleading which does not conform to the provisions of the act, or may allow an amendment or a new pleading to be filed, etc.

Section 5 of the Practice Act requires that every pleading shall contain and contain only a statement in a concise and summary form of the material facts upon which the party pleading relies for his claim, but not conclusions of law. Every pleading shall have attached to it copies of all contracts upon which the party pleading relies for his claim.

Plaintiffs set forth that they are husband and wife; that defendants are husband and wife and own as tenants by the entireties certain property in the Borough of Donora; and that plaintiffs were tenants of defendants and lived in the property described, "for which they were paying rent at the rate of $14 per month." Complaint is made that they did not set forth how they were tenants, viz., under an oral or written contract, or in what manner their tenancy arose, or the nature of the tenancy, or how the amount of rent which "they were paying" was determined. This may become quite material in view of another part of the case. From other pleadings filed in the case it appears that plaintiffs were the tenants of one of defendants under a written lease. Defendants are entitled to have plaintiffs set out the contract or the method

by which they became "tenants of the defendant", and not merely plaintiffs' conclusion that such relationship existed. This is properly done by setting forth the contract, and, if written, under the Practice Act as above referred to, a copy must be attached.

Although Lizzie White is made one of defendants, nowhere in the statement is there any allegation that she performed any of the acts alleged to be a trespass. There is no allegation in the statement that she had authorized any one to act as her agent, or that any one did so act with her knowledge and consent. This agency for Lizzie White is only to be inferred from paragraph 6: "The defendant, Fletcher White, for himself and as agent for Lizzie White, caused a levy to be made"; paragraph 8: "The defendant, Fletcher White, for himself and as agent for Lizzie White, caused an appraisement to be made"; paragraph 9: "The defendant, Fletcher White, for himself and as agent for Lizzie White, was notified"; paragraph 10: "The defendant, Flether White, for himself and as agent for Lizzie White, caused the same to be sold by W. B. Risbeck, their agent . . . whereat the defendant, Fletcher White, for himself and as agent for Lizzie White, purchased the said property." The Practice Act requires a statement in a concise and summary form of the material facts upon which the party pleading relies. If there was an agency existing between the two defendants it should be averred, and not asserted as conclusions or left to inference.

Actions arising from distress under a landlord's warrant are generally classified under four causes: (1) Distress and sale of goods where no rent is due; (2) distress and sale of goods for too much rent; (3) excessive distress; (4) irregularity of the proceedings after distress has been properly made. As to the first of these, the Act of March 21, 1772, 1 Sm. L. 370, provides for distress and sale of goods for nonpayment of rent; and, under section 3 thereof, provides that if any distress shall be made by virtue of this act for rent pretended to be in arrear and due, when in truth no rent shall appear to be in arrear or

due and the goods distrained are sold, the tenant may proceed by an action of trespass against the person or persons so distraining, or either of them, and recover double the value of the goods or chattels so distrained and sold, together with full costs of suit. Plaintiffs allege, in paragraph 5, that on the day they removed from the premises "they had all their rent paid up to that date." Again, in paragraph 7, "they owed the defendant no rent whatsoever, and the levy was therefore illegal and excessive." In paragraph 13, plaintiffs claim double damages under the Act of March 21, 1772, supra, sec. 3. From this it would appear that the action of trespass was based on the fact that there was no rent due and that any levy was a trespass, for which plaintiffs claim double damages under section 3 of the act. Notwithstanding this, plaintiffs have set forth in detail that the levy was made on November 5, 1934, that the appraisement was made on November 19th, or 14 days after the levy, that the sale was made on November 27, 1934, and that the sale was illegal because it was made too late after the levy, the appraisement was too late, the goods were not on the premises, and that the sale was not properly conducted. This would appear to bring the trespass in the fourth class, viz., for irregularities arising after a lawful levy had been made.

Again, referring to paragraph 7, plaintiffs say "the levy was therefore illegal and excessive". If it was excessive it was so because distress had been made for too much rent or too large a quantity of goods had been levied upon for the rent admittedly owed. Through the whole statement there is such a conflict and confusion of causes of action that we are unable to determine definitely just what cause of action plaintiffs intend to pursue. Defendants should not be put in a position where they are required to answer until plaintiffs have elected and have set forth a cause of action. If it is under the third section of the Act of 1772, supra, then plaintiffs should set forth definitely that no rent was due, whereupon a levy and sale of any goods was unlawful. If it is admitted that there was

rent due, then the proceedings would not be under this section of the act. There is a clear distinction between excessive distress and distress for more rent than is due: Spencer v. Clinefelter, 101 Pa. 219; Thomas v. Gibbons, 21 Pa. Superior Ct. 635. There is also a distinction between these two causes and a case where no rent is due: Royse v. May, 93 Pa. 454. What is proper to set forth in the statement depends on the cause of action. If plaintiffs set forth a cause of action under the Act of 1772, claiming double damages, then certain matters provided by that act are proper. In the event the suit is not brought claiming under that act, then certain other matters set forth in the statement may be material as matters of aggravation only; or, if it be admitted that rent was then due and payable, irregularities in the procedure may be quite material.

What we have said is sufficient to show that the second amended statement does not comply with the requirements of the Practice Act; but, since this may be amended, there are other matters to which we call attention. The person who brings the action is to be the owner of the property taken. Section 3 of the Act of 1772 so expressly provides. Paragraph 6 of the second amended statement of claim says the levy was made "upon the furniture and goods of the plaintiff." Again, in paragraph 12, "the value of the furniture and goods belonging to the plaintiffs and sold as aforesaid." There is no allegation in the proceeding that plaintiffs were together the owners of all the goods, or that either plaintiff owned any particular part of them. The statements referred to are not consistent. The interests of plaintiffs in the goods sold should be definitely set out.

Where the proceeding is under the Act of 1772, sec. 3, the person against whom the action can be brought is not the landlord, as such, or because he has issued a warrant, but the person who does the distraining—who levies or directs the levy on the property. It is the person distraining, not the person in whose name the distress is made, that is

liable: Trickett on Landlord and Tenant, 280; Fretton v. Karcher, 77 Pa. 423. In the second amended statement of claim plaintiffs state in paragraph 6, that defendants "caused a levy to be made"; paragraph 8: defendants "caused an appraisement to be made"; paragraph 10: defendants "caused same to be sold by W. B. Risbeck." Under the act the suit can be maintained only against the person who distrained on the goods: Wells v. Hornish, 3 P. & W. 30, 34.

Section 14 of the statement claims damages for the loss of credit and reputation. We find nothing in the Act of 1772 justifying such claim. Under that act the recovery is: ". . . double the value of the goods or chattels so distrained and sold, together with full costs of suit." There is no allegation in the statement that the credit and reputation of plaintiffs were ruined, or in what manner this was done. If it is a proper claim under this proceeding as finally established, these facts must appear in the statement of claim.

In paragraph 8 it is set forth "which appraisement was too late and is void." Again, in paragraph 11, it is set out that the sale was illegal because too late after levy, the appraisement was too late, the goods were not on the premises, and the sale was not properly conducted. If this be true, it is because the law fixed certain times at which the sale or appraisement could be made, and certain circumstances under which a levy could be made, and certain rules and regulations for conducting a sale. These allegations are clearly conclusions of law, which are prohibited by the Practice Act.

What we have said above makes it unnecessary for us to pass upon the statutory demurrer filed at the time of argument.

And now, April 4, 1936, plaintiffs' second amended statement of claim is stricken off, without prejudice, however, to the right of plaintiffs, within 15 days after notice of the filing of this opinion, to file a proper amended statement of claim.