# Johns, Appellant, *v.* Winters.

*Landlord and tenant—Leases—Assignment of reversion—Covenants running with the land—Covenants to pay rent—Time of payment—Waiver.*

1. A covenant to pay rent runs with the land and the assignee of the lease while he is in possession of the premises, must pay the rent in the manner and on the terms and conditions set forth in the lease.

2. Where a lease provided that if any part of the rent remained unpaid for a period of thirty days, the lessor might demand payment of all the rent for the entire term, the fact that the assignee of the lessor had accepted rent from time to time more than·thirty days after the same had become due and payable was not a waiver of his right to insist upon the enforcement of the covenant which made the whole rent for the entire term due and payable if any part of it remained unpaid for a period of thirty days.

Argued Sept. 28, 1915. Appeal, No. 221, Oct. T., 1915, by plaintiff, from judgment of C. P. Somerset Co., May T., 1914, No. 29, refusing to take off nonsuit in case of Peter A. Johns v. Nora A. Winters. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for an alleged unlawful distress. IRWIN, J., filed the following opinion:

This case comes before the court on a motion by the plaintiff to lift the compulsory nonsuit which was granted at the close of the plaintiff's case. In the motion to lift the nonsuit counsel for plaintiff assigned three reasons:

1. That the court erred in holding that Spitznogle, the tenant, and Johns, the owner of the goods distrained and sold, were bound by the terms of the lease which made all the rent for the entire term due and payable, if any part of the rent at any time remained due for a period of thirty days.

2. That the court erred in holding that the contract for the payment of rent under the lease between J. R. Winters and Ferd L. Snyder inured to the benefit of Nora A. Winters, vendee of J. B. Winters.

3. That the court had erred in holding that Nora A. Winters, in accepting rent from time to time after it had become due, had not waived her right to demand the payment of all the rent for the entire term, if any part of it remained unpaid for a period of thirty days.

A brief statement of the facts is necessary to clearly understand the questions raised.   On or about July 30, 1907, J. B. Winters, being the owner of Hotel Vannear in the Borough of Somerset, leased the said hotel to Ferd L. Snyder from the 10th day of August, 1907, to the first day of April, 1910, at an annual rental of $3,-500.00.   The lease contained a clause giving Snyder the option to release the said hotel for a further period of five years from the first day of April, 1910, and this option was exercised so that the term expired on the first day of April, 1915.   The said J. B. Winters sold the furniture in the hotel to Snyder, the lessee.   The latter was unable to pay for the goods and the plaintiff in this action, Peter A. Johns, furnished the money and paid J. B. Winters for the goods and Snyder transferred his title to the goods to Johns, who permitted the property to remain in the hotel under an arrangement by which he was to be paid for the use of the same.   Snyder assigned the lease about June 1, 1909, to H. G. Spitznogle, who took possession of the hotel and carried on the business. Neither Snyder nor Spitznogle paid the rent always on the day on which it was due, but frequently paid the rent to J. B. Winters after the same had become due;

and after the title to the hotel became vested in Nora Winters she frequently accepted payment of the rent from Spitznogle after the same had become due and payable. Spitznogle defaulted in part of the rent for October, 1913, and for the whole of the rent for the months of November and December, 1913, the rent being payable on the last day of each month, so that on January 30, 1914, there was due on the rent the sum of $649.98. On that day Peter A. Johns drew a check for the payment of this rental and handed it to the attorney for the said Nora A. Winters, who refused to take it, and immediately thereafter on the same day the cash for the rent then due, up to the 30th of January, 1914, was tendered to Nora A. Winters, who declined to take it and demanded the rent for the full term to April 1, 1915. Upon this demand being refused, Nora Winters caused a landlord's warrant to be issued and the property of the plaintiff in the Hotel Vannear was levied upon and afterwards, on February 13, 1914, the said personal property of the plaintiff in said hotel was sold under the said landlord's warrant. Thereupon Peter A. Johns brought this action of trespass against Nora A. Winters to recover the value of the said goods, on the ground that there was no rent in arrear at the time of the levy, distress and sale were made.

It was strenuously contended by counsel for the plaintiff on the trial of the case that Nora A. Winters, by receiving payments of rent from time to time after the same had become due and payable, and by her failure to enforce the provision in the lease making all the rent due and payable if any part of the rent remained due and payable for thirty days, has waived her right to insist upon the enforcement of that covenant, and that therefore she became a trespasser when she distrained for all of the rent up to the end of the lease.

In Teufel v. Rowan, 179 Pa. 408, the same precise question was raised. That was a lease for the Central Hotel in Pittsburgh and contained a clause making the whole

of the rent due and payable if any part of the same remained due for five days.   The tenant's property was sold by the sheriff under an execution and an auditor was appointed to make distribution of the proceeds. Before the auditor the landlord claimed the whole of the rent for the remainder of the term.   The auditor, however, held that the landlord by accepting rent from time to time after the same had become due and payable had waived the provision in the lease making the whole of the rent become due, if any part of the rent remained due and unpaid for five days, and awarded to the landlord the rent that was due at the time of the sheriff's sale.

Exceptions were filed to the auditor's report, which were sustained by the court below, and on appeal to the Supreme Court the judgment was affirmed.   Mr. Chief Justice STERRETT, delivering the opinion of the court, said (p. 410) : "The clause in question is a part of the contract between the parties.   As was well said by the learned president of the Common Pleas : 'The acceptance of a portion of the amount due, and failure to exact all that was due at that time, cannot be a waiver of the contract, but at most is only evidence of a willingness to indulge the debtor.'

"Similar stipulations in mortgages have been held in numerous cases from Huling v. Drexell, 7 Watts 126, to Platt, Barber & Co. v. Johnson & Peterson, 168 Pa. 47. In Atkinson, Assignee of Finley, v. Walton, 162 Pa. 219, 221, our Brother DEAN says : 'The rulings in all the cases from Huling v. Drexell, 7 Watts 126, to the present have been that in this class of securities the issuing of a scire facias is not to declare and enforce a forfeiture, but to enforce the payment of a debt which by the contract became due.   It has never been held that mere delay of suit, or neglect to rigorously exact his money on the day it is due, is evidence of a waiver of his (the creditor's) contract right.'   The principles underlying these cases rule the question under consideration in favor of the landlords."

This case clearly establishes the principle that Nora Winters, by accepting rent from time to time after the same had become due and payable, did not waive her right to insist upon the enforcement of the covenant which made the whole rent for the entire term become due and payable if any part of it remained unpaid for a period of thirty days.

It was further contended by counsel for the plaintiff that the covenant making the whole rent become due, if any part of the same remained unpaid for a period of thirty days, was a personal covenant between the original lessor and lessee and that it was not binding upon Spitznogle, the assignee of the lessee. We do not think that this position is tenable. It has been repeatedly held that a covenant to pay rent or royalty runs with the land and is binding upon the assignee of the lease during the time that he holds possession of it: Fennell v. Guffey, 139 Pa. 341; Aderhold v. Oil Well Supply Co., 158 Pa. 401; Williams v. Short, 155 Pa. 480. A covenant to renew a lease runs with the land and if the lessees assign the lease the assignee will be entitled to the renewal.

Even though the lease contains a covenant on the part of the lessee not to assign without the written consent of the lessor, yet if the lessor waived the performance of that covenant and ratified the assignment by accepting the assignee as his tenant and receiving rent from him, the assignee will be entitled to the benefit of the covenant to renew: Barclay v. Steamship Co., 6 Philadelphia 558.

If the covenant to pay rent runs with the land and is binding upon the assignee of the lease during the time that he is in possession of the premises, then he must be bound to pay the rent in the manner and on the terms and conditions set forth in the lease. It will not do to say that while the lessee was bound to pay the rental he might pay it at the end of the term and ignore all the other provisions of the lease regarding how and when the rent should be paid. The stipulation that if any part of the rent should become due for a period of thirty

days the whole of the rent for the term should immediately become due and payable is as much an integral part of the lease providing when the rent should be payable as is the covenant making the rent payable monthly on the last day of each month, and if an assignee of the lease can take and hold the premises and enjoy the profits and ignore one provision in the lease as to when the rent should be paid, he can by the same mode of reasoning ignore all other provisions as to when the rent should be payable, and the result will be that he might take and hold possession of the lease during the entire term without the payment of any rent. We think that all of the provisions of the lease as to when and how the rent should be paid are binding upon the assignee and that Nora Winters at the time the plaintiff tendered to her the rent up to the 30th of January, 1914, had a right to refuse the same and demand the whole of the rent up to the first of April, 1915. If she could do so, then it follows that she had a right to issue a landlord's warrant and sell the plaintiff's goods in the hotel for the rent: Goodwin v. Sharkey, 80 Pa. 149; Heeren v. Remington, 47 Pa. Superior Ct. 437; Braker v. Deuser, 49 Pa. Superior Ct. 215.

While the question was not raised upon the trial of the case, we have been furnished with a citation of authorities by counsel for the plaintiff to the effect that the landlord's warrant does not disclose that demand was made upon the premises for the rent before the warrant was issued, and that the lease does not fix any place for the payment of the rent. It is sufficient to say in answer to this position that the plaintiff's statement does not aver any irregularity in the proceedings under the landlord's warrant, but in the pleadings the plaintiff bases his right of recovery upon the fact that there was no rent in arrear at the time the landlord's warrant was issued. The plaintiff could not therefore maintain the position he now takes without an amendment of the pleadings, and that cannot be done after the nonsuit

has been granted.  We might further add that the burden of proof is upon the plaintiff and there is no evidence in the case that a demand for the rent was not made upon the premises prior to the issuance of the landlord's warrant.    But be this as it may, it becomes wholly immaterial under the pleadings in this case.

We think that upon a review of the whole case the court was fully justified in entering the compulsory nonsuit.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*C. W. Walker,* with him *George R. Scull,* for appellant.

*Chas. F. Uhl,* of *Uhl & Ealy,* with him *W. Curtis Truxal, Francis J. Kooser* and *Ernest O. Kooser,* for appellee.

PER CURIAM, October 28, 1915:

The judgment in this case is affirmed on the opinion of the court below refusing to take off the nonsuit.

Judgment affirmed.