## Bisk Candy Co., Appellant, *v.* Stout et al.

*Landlord and tenant—Suit for illegal distress—More rent than due—Greater amount of goods than necessary—Acceptance of rent Waiver—Damages—Exemplary damages—Harmless error—Pleading—No complaint in court below—Appeal.*

1. In an action by a tenant against his landlord for an illegal distress, plaintiff may claim that the landlord distrained for more rent than was actually due, and also that he took a greater amount of goods than necessary to meet the rent actually due.

2. Where there is no complaint in the court below that plaintiff has not correctly pleaded his case, it is too late to raise the question on appeal.

3. In such suit defendant cannot successfully contend that a third cause of action was set up by plaintiff because the latter maintained that a distress was made when no rent at all was

due, where the only averments in the statement of claim on that point have reference to the acceptance of rent after the due date, and the alleged effect thereof on the right to distrain without previous notice of the landlord's insistence on terms of lease, strict compliance with due date.

4. Such averments do not show a separate cause of action, inasmuch as acceptance of rent after the date set for payment does not constitute a waiver of the right to demand payment of later instalments on due dates.

5. In an action for an illegal distress, where it appears that the goods taken were less in value than the amount of rent rightfully owing, no substantial damages can be awarded either on the charge of levying upon more goods than necessary or upon the charge of levying for more rent than was due.

6. In such case failure on the part of the trial judge to submit to the jury the issue as to whether the landlord had distrained for more rent than was due, was immaterial error, for it did plaintiff no harm.

7. Where plaintiff claims that the distress was for more rent than was due and also for the taking of a greater amount of goods than was necessary, the fact that the finding by the jury as to the value of the goods was rendered on a consideration of the judge's charge, which did not submit the question of the distress being for more rent than was due, cannot change the effect of a finding that the goods taken were less in value than the rent due.

8. In an action for illegal distress, where no circumstances of aggravation are shown, the damages are the fair value of the goods distrained upon and sold, less the landlord's rightful claim for rent, with the cost of replacing them, and other actual injury, to which interest may be added.

9. In an action for illegal distress, plaintiff is not entitled to recover exemplary damages irrespective of whether defendant's act was a mere mistake or wantonly done.

10. In an action for illegal distress, it is not error to refuse to permit plaintiff to prove that he had liens for storage on the goods distrained, where there is nothing in the record to show that plaintiff actually suffered any damage by losing such liens.

11. In an action for an illegal distress for more rent than was due, where plaintiff claims that defendant had proceeded in a wanton manner and had bought, at a constable's sale, the goods distrained, at a figure greatly below their actual value, the court commits no error in permitting defendant to show that she had offered to turn over to plaintiff all such goods, if the latter would pay a single monthly installment of rent, due at the time of the distress, with the costs of the proceeding.

*Appeal—New trial—Nominal damages.*

12. On an appeal from a judgment on a verdict for defendant a new trial will not be granted to plaintiff, where it appears that nominal damages alone could have been recovered.

Argued March 16, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeal, No. 18, March T., 1927, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1925, No. 1383, on verdict for defendants, in case of Bisk Candy Co. v. Clara P. Stout and W. J. Morris.  Affirmed.

Trespass for excessive distress.  Before McVICAR, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants.  Plaintiff appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Elder W. Marshall,* with him *D. Lee McConaughy,* for appellant.—A landlord who distrains for more rent than is due is liable in damages, irrespective of whether the quantum of goods distrained is excessive: Thomas v. Gibbons, 21 Pa. Superior Ct. 635; McElroy v. Dice, 17 Pa. 163; McKinney v. Reader, 6 Watts 34; Richards v. McGrath, 100 Pa. 389.

The distress for more rent than was due was actionable, even though the goods distrained were of less value than the rent actually due: Richards v. McGrath, 100 Pa. 389; Thomas v. Gibbons, 21 Pa. Superior Ct. 635.

The cost of procuring goods similar to those distrained and sold, and the cost of putting them in the same place, are proper items of damage in suit for excessive distress: Fernwood Assn. v. Jones, 102 Pa. 307.

Evidence of plaintiff's lien on goods stored with it, lost by the distraint and sale, was improperly excluded: Fernwood Assn. v. Jones, 102 Pa. 307.

*F. C. McGirr,* for appellees.—Where a party brings suit and files a declaration claiming damages for an excessive distress, he cannot recover for distraining for more rent than was in arrear: Spencer v. Clinefelter, 101 Pa. 219; Thomas v. Gibbons, 21 Pa. Superior Ct. 638.

The lease in this case provided that on default in payment of rent in advance in any month, the rent for the balance of the term became due and payable. There were ten months therefore due at the time of the default by plaintiff in paying the July, 1924, rent, which made the total amount of the rent due $1,250. This is in accordance with the law: Teufel v. Rowan, 179 Pa. 408; Evans v. Lincoln Co., 204 Pa. 448; Fernwood Masonic Hall Assn. v. Jones, 102 Pa. 307; Latimer v. Groetzinger, 139 Pa. 207.

Where an excessive distress is not wanton or wilful, the only damages recoverable are the fair value of the goods at the place and time distrained, with the cost of replacing them and other actual injury, to which interest may be added.

Opinion by Mr. Chief Justice Moschzisker, May 9, 1927:

Plaintiff corporation, tenant under a lease executed by Clara P. Stout, the first of the above named defendants (hereinafter called landlord), sought to recover damages for an alleged illegal distraint. The other defendant is the constable, who acted in the case. When the matter came to trial, the jury found for defendants, and judgment was entered on the verdict; plaintiff has appealed.

Plaintiff alleges, first, that the landlord distrained for more rent than was actually due, and, second, that she took a greater amount of goods than necessary to meet the rent actually due. All damages growing out of these two charges are treated as a single claim, excepting one item of $250 for the loss of a lien upon cer-

tain goods of a third party alleged to have been held by plaintiff on storage; this separate item of damage will be disposed of towards the end of our opinion.

There is a subordinate point which it may be well to discuss before dealing with our principal subjects for determination. Defendants contend that plaintiff's statement of claim really comprehends three separate causes of action,—the first two enumerated in the second paragraph of this opinion (which, under old forms, would be classed as actions on the case), and a third, namely, for making a distress where no rent at all was due (which, under the old forms, was trespass vi et armis); that these are separate causes of action which cannot be combined, and this of itself is sufficient to dispose of plaintiff's case. We cannot so agree; in our opinion, plaintiff's statement of claim does not include a third cause of action. The averments on which defendants base their contentions to the contrary, all have reference to an allegation as to the acceptance of rent after the due date, and concerning the alleged effect thereof as barring the right to distrain without previous notice, which will be mentioned again later in this opinion. For the present, it is enough to say that these averments fall far short of constituting a separate cause of action.

As to combining the other grounds of complaint, an excessive distress was made actionable by the Statute of Malbridge (Robert's Digest 170) and such an action lies whenever the landlord distrains on a greater amount of goods than necessary, or for more rent than is honestly due: Richards v. McGrath, 100 Pa. 389, 397; Thomas v. Gibbons, 21 Pa. Superior Ct. 635, 638. While appellee contends these two causes of complaint cannot properly be combined in one action, we see nothing to prevent that course. In Spencer v. Clinefelter, 101 Pa. 219, 220, 223, plaintiff originally alleged an excessive distress, in that defendant had taken more goods than necessary to meet the rent due; afterwards the trial court allowed plaintiff "to amend his declaration by adding a

count for distraining for more rent than was due," saying he could "recover but single damages for any injury he may have sustained." The appeal was from a judgment for plaintiff. This court reversed, because there could be no recovery on the original complaint, and, at the time the warrant issued, there was due the landlord the full amount for which he distrained; but at the head of our opinion it is plainly stated: "We are not prepared to say that......there was any error in permitting plaintiff to amend by adding a count charging defendant with having distrained for more rent than was due." A misleading syllabus in the report of the case no doubt caused the Superior Court, in Thomas v. Gibbons, supra, to mistakenly say we had held that "a declaration for distraining an excessive quantity of goods cannot be amended by adding a count for distraining for more rent than was due." Be that as it may, in the case now before us there was no complaint in the court below that plaintiff had not correctly pleaded its case, or that the combined charges could not properly be tried together; the suggestion to that effect comes too late at this time, even if it had merit. The case will be ruled on other points.

Plaintiff's principal complaint in connection with the two charges concerning the alleged excessive distress is that the trial judge failed to submit to the jury the issue as to whether the landlord had distrained for more rent than was due. This is substantially correct as a statement of fact; but, under the peculiar circumstances of the case before us, it cannot be said that plaintiff suffered from the omission. The lease forbids the tenant to sublet the premises without written consent of the landlord, "under penalty of......payment of $1,000......additional rent." The trial judge said to the jury, "The court instructs you as a matter of law that the landlord had no right to issue a warrant for that $1,000, and to that extent the warrant was issued and distraint made for more rent than was due." The $1,000 referred to in

the charge, as excessive, was included in the distress on the theory that the above clause against subletting had been breached by the tenant. We find evidence pro and con in the record upon the point of this breach, so perhaps the trial judge should not have instructed, as a matter of law, that the landlord had no right to include the $1,000 in his warrant. This instruction, however, certainly did not harm plaintiff, unless, as claimed, it should have been submitted to the jury to find the facts concerning the alleged subletting, with instructions that, if the demised premises had not been sublet, then the landlord had no right to include this item of $1,000 in the distress warrant, and on such a finding the distress would be excessive, entitling plaintiff to recover damages: McKinney v. Reader, 6 Watts 34, 41; McElroy v. Dice, 17 Pa. 163, 168; Richards v. McGrath, 100 Pa. 389, 397; Thomas v. Gibbons, 21 Pa. Superior Ct., supra. But since the record lacks evidence which would warrant exemplary damages, or an award of special damages beyond those ordinarily recoverable, and since, after deducting the above-mentioned $1,000, the verdict of the jury shows the goods levied upon and sold to have been less in value than the amount of rent actually due (and this the jury impliedly found, as we shall later show), it is clear that the result would have been the same even had the before-mentioned issues been submitted to the jury with proper instructions. On the case as pleaded and tried, plaintiff was entitled to recover only one set of damages; and the goods taken being less in value than the amount of rent rightfully owing, no substantial damages could be awarded, either on the charge of levying upon more goods than necessary or upon the charge of levying for more rent than was due.

The rule governing the damages recoverable on a distraint for more rent than was due, is set forth in Fernwood M. H. Assn. v. Jones, 102 Pa. 307, 311. We there said: "Where no circumstances of aggravation are

shown, the damages are the fair value of the goods [distrained upon and sold, less the landlord's rightful claim for rent (see Mickle v. Miles, 1 Grant (Pa.) 320, 322, 328)] with the cost of replacing them, and other actual injury, to which interest may be added. The measure is the value of the goods at the time when and the place where they were distrained, not merely what they were worth for removal, but what it would have cost to procure goods of like quality and put them in the same place, including compensation for the necessary time and for actual loss directly and clearly proved in business." This was said by us in a case where the landlord distrained for more rent than was actually due, and we added, after the matter just quoted, that such damages are "full compensation to the owner and sufficient amercement upon a landlord who, in the effort to collect his rent, by mistake distrains for more than is due."

When we apply the rule just stated to the case now before us, it becomes plain that, even though the jurors had been given the opportunity to find, and had found that the landlord had levied for more rent than was due, in view of their verdict for defendants on the other issue, which was submitted to them, they could have awarded no substantial damages to plaintiff. Where the landlord mistakenly distrains for more rent than is rightfully due, he commits a wrong which no doubt entitles the tenant to nominal damages at least; but according to the law as laid down by us in Fernwood M. H. Assn. v. Jones, supra, in a case like the present, where the evidence would not warrant an award of punitive damages, the substantial damages recoverable are measured by the replacement value of the goods wrongfully taken to meet the levy, in excess of the landlord's rightful claim, and where, as here, all the goods taken are found by the jury to be less in value than such rightful claim, then there can be no award of substantial damages: Taylor v. Henniker, 12 Ad. & E. 488-92, 113 Eng. Reprint, 897, 898. The fact that the finding by the jury

as to the value of the goods was rendered on a consideration of the other charge, concerning the levying on a greater amount of goods than essential to meet the landlord's claim, cannot change the force or effect of that finding, which is that the goods taken were less in value than the rent due the landlord; this is obviously so, because, had they been greater in value than that amount, then, under the instructions contained in the charge on the issue last above mentioned, the verdict would have been for plaintiff. On this state of the record, it is clear that, had the issue as to the excessive amount claimed by the landlord been submitted to the jury and found in plaintiff's favor, the latter could have received no award other than for nominal damages, and in cases where nominal damages alone can be recovered, we will not order a new trial: Bastian v. Marienville Glass Co., 281 Pa. 313, 319.

There is some complaint that the implied finding as to the value of the goods being less than the landlord's rightful claim lacks evidential support; but this is not correct. There was evidence for plaintiff to the effect that the articles in question were worth a very considerable amount above the highest claim for rent made by the landlord; on the other hand, the value of the goods was fixed by the appraisers at $625, they sold at the constable's sale for $935, and a witness for defendants (a candy manufacturer who had just built a new plant and was familiar with the value of such articles) said that the goods levied upon were not worth more than $500 altogether.

The court instructed the jury that it could allow damages only for "whatever amount of goods were levied on and sold in excess of an amount which was reasonable to pay the claim for rent of $1,250" and costs of the distress. In the third assignment of error, this instruction is recited in another form, but, on the same page of the charge from which appellant makes its excerpt, the instruction was as given above. The $1,250 referred to by

the trial judge is made up of two items, a monthly installment of rent, amounting to $125, and another item of $1,125, accruing under a provision in the lease to the effect that, in case of default in payment of any monthly installment of rent in advance, the rent for the whole term would become due and payable,—a lawful provision: Teufel v. Rowan, 179 Pa. 408; Johns v. Winters, 251 Pa. 169, 173, 174. The lease calls for payment of rent on the first of each month. The distraint was made on July 7th, and plaintiff contends that it was not then in default, even though the $125 set by the lease as due on July 1st had not yet been paid; for, says appellant, the landlord had, over a course of time, accepted payments of rent made after the first of the month, and had given no notice of an intention to require strict compliance with the terms of the lease in this particular month. This contention cannot be sustained; acceptance of rent when overdue does not constitute a waiver of the right to demand prompt payment of later installments: Teufel v. Rowan, supra, 410; Jones v. Winters, supra, 171. Plaintiff was in default, and by the terms of the lease the landlord was entitled to distrain in accordance with the above-quoted instruction; this assignment cannot be sustained.

The next assignment complains of the refusal of a request submitted by plaintiff. This point began by asking the court to charge that "where the distress was excessive and the goods have been sold, the damages are the fair value of the goods with the cost of replacing them and other actual injury." After this correct statement, the request continued, naming particular items of damage, allowed by law, where the evidence warrants them, but to sustain certain of which there was, in the instant case, no legally sufficient evidence. At the end of the request, the court was asked to charge that, in addition to all of the enumerated items, plaintiff was entitled to recover "exemplary damages." Had this request been affirmed as written, the trial judge

would in effect have said to the jury, "If you find defendant made an excessive distraint, plaintiff is entitled to exemplary damages, without regard to whether defendant's act was a mere mistake or was wantonly done." This, under the guiding rule laid down by us in Fernwood M. H. Assn. v. Jones, supra, is not the law; hence we cannot say that the court erred in refusing the point. Moreover, the trial judge correctly covered, in his general charge, all damages recited in this request which the evidence warranted being considered, including exemplary damages.  He there said, inter alia: "The value of the goods, in the case of damages, is the fair value of the goods at the time and place that they were taken, what it would cost to replace such goods of the same quality.  In the event of finding for the plaintiff, and if you allow damages on this item, you should deduct from these damages the balance of the rent remaining unpaid to the landlord.  You will recall that the rent was $1,250 and the goods sold for $935; consequently, there was a difference between these two items, of rent still unpaid, which, in event you allow damages, should be deducted from whatever amount you allow.  In addition to that there is another item of damages which you have a right to consider.  If this landlord wilfully, wantonly or maliciously levied upon an unreasonable amount of goods, if you find that,—doing a wrong intentionally, without just cause of excuse,—then you have a right to allow damages by way of punishment, whatever you would consider fair and reasonable......If [your verdict] is for plaintiff, then you may consider the damages and consider those two items, compensation and punishment, or what we call punitive damages."

What we have already said disposes of the other assignments excepting some that complain of certain rulings on the evidence, which we shall now consider.  The trial judge sustained an objection to the following question propounded to the president and treasurer of plaintiff company, "Do you know what it would cost to have

procured goods of like quality of those goods that were distrained and put them in the same place, to put them back." According to plaintiff's own testimony, over one hundred articles, ranging from a dishpan worth 75 cents to a piece of machinery worth $1,600 were levied upon. The witness was permitted to put a replacement value upon each one of these articles in answer to a series of questions propounded to him by counsel for plaintiff. The particular question objected to was too broad; and, under the circumstances of this case, we think its refusal did no material harm.

The next assignment requiring consideration complains because the trial judge refused to allow another question, propounded to the same witness, which inquired, "Did you have any liens on these goods at the time the distraint was made?" As phrased, this inquiry really put a question of law to the witness; aside from that, however, there were no sufficient facts before the jury on which to base the question. In other words, while plaintiff claims that certain goods were stored on the premises at the time of the distraint, on which it had a lien for storage, and that the lien was lost by reason of the distraint, the details as to the deposit of the goods were not sufficient for anyone to tell whether the circumstances would have given rise to a lien. Moreover, there is no evidence on the record to show whether or not plaintiff actually suffered any damage by losing the lien, if it had one; that is, whether the bill for storage was not paid despite the loss of the lien. On the whole, we see no error in the ruling here complained of.

The next complaint is because the trial judge admitted evidence that a representative of the landlord made an offer to the president of plaintiff company that, if the latter would pay the former $125, that is, the monthly installment of rent due at the time of the distress, and the cost of the proceeding, he would turn over all the goods and articles purchased at the constable's sale. Under the circumstances of this case, where plaintiff

was claiming that defendants had proceeded in an un-lawful and wanton manner, and had acquired goods levied upon at a figure greatly below their actual value, we cannot see that it was error to admit the evidence in question. We may add that the jury had before it both defendants' and plaintiff's version of this incident, the latter claiming that there was coupled with the offer an obligation on the part of the tenant to vacate the premises; so the evidence in question probably did plaintiff no harm.

The judgment is affirmed.