R. F. WOLFE, JR., BY HIS NEXT FRIEND, R. F. WOLFE, SR., v. MONTGOMERY WARD & COMPANY AND E. L. JONES.

(Filed 24 February, 1937.)

**Libel and Slander § 13: Appeal and Error § 39—Verdict that plaintiff was slandered but suffered no substantial damage entitles plaintiff to costs.**

Where the jury finds that plaintiff was slandered but does not award damages, the failure of the court to instruct the jury that an affirmative answer to the issue entitles plaintiff to nominal damages at least does not entitle plaintiff to a new trial, but the judgment must be modified to adjudge nominal costs, C. S., 1241 (4), and affirmed, since the item of costs is too small to justify a new trial.

APPEAL by plaintiff from *Spears, J.,* at October Term, 1936, of NASH. Modified and affirmed.

Action for damages for slander and assault.

The verdict of the jury upon issues submitted was as follows:

"1. Did the defendant E. L. Jones speak of and concerning the plaintiff the words in substance alleged in the complaint? Answer: 'Yes.'

"2. If the defendant E. L. Jones used said language as alleged in the complaint, was he, at the time, acting within the scope of his employment and in the line of his duty? Answer: 'Yes.'

"3. Did the defendants wrongfully assault the plaintiff, as alleged in the complaint? Answer: 'No.'

"4. What damages, if any, is the plaintiff entitled to recover of the defendants? Answer: 'None.'"

From judgment on the verdict that plaintiff recover nothing of defendants, plaintiff appealed.

*O. M. Marshburn for plaintiff.*
*Thorp & Thorp for Montgomery Ward & Company.*
*S. L. Arrington for E. L. Jones.*

PER CURIAM. The jury, evidently taking the Biblical view that "a good name is rather to be chosen than great riches," have decided that the plaintiff was slandered but that he was entitled to recover no damages.

The appellant's only complaint is that upon an affirmative finding on the first issue nominal damages, at least, should have been awarded and that he should have been adjudged entitled to recover nominal costs.

There is no other exception. The trial was free from error.

It is provided by statute (C. S., 1241 [4]), that in actions for slander, "if the plaintiff recovers less than fifty dollars damages, he shall recover no more costs than damages."

The trial judge inadvertently omitted to instruct the jury that, if they answered the first issue in the affirmative, the plaintiff was entitled, at least, to nominal damages. What is meant by nominal damages is a small, trivial sum awarded in recognition of a technical injury which has caused no substantial damage. *Davis v. Wallace,* 190 N. C., 543; *Hutton v. Cook,* 173 N. C., 496; *Chaffin v. Mfg. Co.,* 135 N. C., 95.

However, since the jury have established the fact that the plaintiff suffered no damage, the judgment could only have awarded nominal costs. Hence, the form of the judgment has occasioned no injury to the plaintiff of which he can justly complain. No substantial rights are involved, and the trifling item of cost is too small to justify a new trial or further consume the time of the Court. *Cohoon v. Cooper,* 186 N. C., 26.

The judgment should be modified to adjudge nominal costs, and be in other respects affirmed.

Modified and affirmed.