## Keystone Trust Co. v. Aaronson et ux.

*Scott S. Leiby*, of *Hull, Leiby & Metzger*, for plaintiff.

*H. Albert Lehrman*, for defendants.

HARGEST, P. J., March 30, 1944.—This case comes before us upon a rule to strike off a judgment entered upon the assumed authority contained in the lease.

The facts are that on April 1, 1941, the Levin Building Company was the owner of a dwelling house. It entered into a lease with defendants for a term of one year from April 15, 1941, to April 14, 1942. The lease contained the usual provision that continuing in possession would operate as a renewal at the option of the lessor, and provided that in case of sale the lessees would vacate the premises upon 60 days' notice. It also provided: "The conditions of this agreement shall extend to the administrators and executors of all the parties hereto." On June 17, 1943, the premises were

sold by Levin Building Company to Keystone Trust Company. On April 20, 1943, an assignment of "all its right, title, and interest" of the Levin Building Company to the Keystone Trust Company was endorsed on the lease. On August 12, 1943, an amicable action in ejectment was entered in behalf of the Keystone Trust Company against defendants, which was followed by a rule to strike off the judgment, to which rule plaintiff filed an answer. The files contain a copy of a letter from the Harrisburg Defense Rental Area to counsel for plaintiff, requesting a discontinuance of the action in ejectment. The action was not discontinued but nothing further was done thereunder. On November 5, 1943, by virtue of the warrant of attorney contained in the lease, judgment was confessed in the sum of $100 in default of the rent due for the month of August 1943. A petition to strike off this judgment and stay execution was presented, to which an answer was filed; and it is the validity of this judgment which is now before us.

### Discussion

Two questions are raised in this proceeding:

1. Whether, having entered the judgment of ejectment, the power was exhausted and there was no right to enter the judgment for rent. There is no merit in this objection. The lease contains an authority to confess a judgment in an amicable action of ejectment, and also to confess a judgment for the rent due. This authority is in two separate paragraphs and plainly gives the right to two different and separate kinds of judgment.

2. The second question is of interest, namely, whether the right to confess a judgment for rent passes to the owner of the reversion with or without assignment; in other words, whether the authority to enter such a judgment runs with the land. The Pennsylvania authorities differ.

In Youghiogheny-Pittsburgh Coal Co. v. Carlet, 92 Pa. Superior Ct. 40, which involved a conveyance of the reversion without an assignment of the lease, it was held that the right to enter judgment in ejectment ran with the land and was vested in the owner of the reversion. It was held (p. 44) :

"The usual test for determining whether the covenant under consideration runs with the land seems to be that if the covenant in the lease will be of benefit either to the landlord or tenant by reason of his relation to the particular land then it touches or concerns the land so as to run."

In a number of cases, some of which, however, did not involve the entry of an amicable action for rent, and some of which contained a formal assignment of the lease, it was definitely held that a covenant to pay runs with the land: Negley v. Morgan, 46 Pa. 281 (1863) ; Borland's Appeal, 66 Pa. 470 (1870) ; Bradford Oil Co. v. Blair, 113 Pa. 83 (1886) ; Washington N. Gas Co. v. Johnson et al., 123 Pa. 576 (1888) ; Fennell v. Guffey, 139 Pa. 341, 155 Pa. 38 (1890) ; Williams v. Short, 155 Pa. 480; Johns v. Winters, 251 Pa. 169; Lyon v. Pittsburgh, Allegheny & Manchester Traction Company et al., 312 Pa. 584; Gluck et al., to use, v. Polakoff et al., 17 D. & C. 640.

In Fennell v. Guffey, supra, it was said (p. 344) :

"The defendant contends . . . that the suit should have been brought against his assignor. *But the covenant was in the nature of a covenant to pay rent, and runs with the land.* It is settled law that covenants to pay rent or royalty run with the land, and that the assignee of the lease is liable for the payment of all rents or royalties which accrued while he held the assignment of the lease." (Italics supplied.)

When the case reached the Supreme Court the second time (155 Pa. 38), the same contention was made, and again overruled.

In Johns v. Winters, supra, it was said (p. 173) :

"It was further contended by counsel for the plaintiff that the covenant making the whole rent become due, if any part of the same remained unpaid for a period of thirty days, was a personal covenant between the original lessor and lessee and that it was not binding upon Spitznogle, the assignee of the lessee. We do not think that this position is tenable. It has been repeatedly held that a covenant to pay rent or royalty runs with the land and is binding upon the assignee of the lease during the time that he holds possession of it . . .

"If the covenant to pay rent runs with the land and is binding upon the assignee of the lease during the time that he is in possession of the premises, then he must be bound to pay the rent in the manner and on the terms and conditions set forth in the lease."

In Gluck et al., to use, v. Polakoff et al., 17 D. & C. 640, 642 (1933), Judge Kun made a somewhat exhaustive examination of the authorities, and said:

"From the above authorities, it is apparent that when a lessor assigns the lease without the reversion the relation of landlord and tenant exists between the assignee and the lessee and there is created in the assignee a vested right to collect rent and to enforce the covenants and provisions of the lease with respect thereto. One of the provisions of the lease which would enable the assignee to enforce the covenant to pay rent would, it seems, be the right to enter judgment for the rent, and the judgment might be sustained on this theory notwithstanding the excellent argument made on behalf of defendants to the contrary."

While most of these cases arose from oil leases and involved the right of the assignees, and some of them were suits rather than amicable entry of judgment, yet the reasoning of all of them is applicable, and there

seems to be no distinguishing characteristic by which they could be set apart in a class by themselves and from which the positive language that the covenant to pay rent runs with the land, in each instance, could be construed to relate only to the particular case.

However, against the principle stated in the foregoing cases, we have a line of cases directly to the contrary.

In Duff et al. v. Star Service Hanger Co., 79 Pitts. L. J. 176, where the judgment was entered for rent due under the terms of the lease, it is said:

"It seems to be settled in the law of Pennsylvania that the conveyance of land under lease carries with it only such covenants as run with the land: Fogerty v. Dix, 75 Sup. Ct. 214; Baker v. Deuser, 49 Sup. Ct. 215; Pennsylvania Law of Real Estate, Nicholson, Sec. 383.

". . . And it is assumed by such authorities as have been called to our attention that the warrant of attorney in a lease to confess judgment does not run with the land: Hockley v. McGlinn, 40 Legal Int. 279; Pennsylvania Law of Real Estate, Nicholson, Sec. 383; Robey on Real Estate and Conveyance in Pennsylvania, Sec. 328."

In Hogsett et al., Admrs., to use, v. Lutrario, 34 D. & C. 637 (1939), which is perhaps the last decision directly in point, which was affirmed in 140 Pa. Superior Ct. 419, the Superior Court used the same language as the court below, page 425, as follows:

"Since there is nothing in the lease authorizing the warrant to be exercised except in favor of the lessor, and the warrant to confess a money judgment is not a covenant that runs with the land, because it does not directly concern or touch the land, the heirs of the lessor cannot make use of it: Duff et al. v. Star Service Hanger Co., 79 Pitts. 175; Bloeser, etc., v. Semeul, 80 Pitts. 50, 12 Erie 248."

There is another horn of the dilemma upon which plaintiff is impaled. There is no provision in the lease carrying to the assignee any of the covenants in the lease. The lease provides that the "conditions of this agreement shall extend to the administrators and executors of all the parties hereto". By the terms of the lease, also, the authority is "to confess a judgment against the said party of the second part and in favor of the said party of the first part". There is no covenant in the lease which extends that authority to assignees.

In Hogsett et al., Admrs., to use, v. Lutrario, supra, it was held (syllabus):

"An authority to confess judgment must be clear, explicit and strictly construed and cannot be entered in favor of a stranger to the contract.

"Where there is nothing in a lease authorizing a warrant of attorney to confess judgment to be exercised except in favor of the lessor, the heirs of the lessor cannot make use of it."

It follows, of course, that if the heirs cannot make use of such authority an assignee could not. If there had been a confession which was extended to assignees, then a case similar to Shappell v. Himelstein, 121 Pa. Superior Ct. 418, would have arisen. In that case there was a right to confess a judgment in ejectment and for rent, and the lease provided: "All rights and obligations of lessor hereby created shall be enforceable by and shall bind his assignees and his successors." And the petition and rule to open a judgment confessed in an amicable action of ejectment was discharged.

In view of our conclusion it is not necessary to discuss the third objection by defendants, namely, that when the landlord has terminated the lease it cannot subsequently use the warrant to confess a judgment. In this case the landlord did assert the breach of the covenants of the lease in confessing a judgment of ejectment on August 12, 1943, and subsequently confessed

a judgment for rent for the month of August 1943; but we are not passing upon that question.

Nor are we deciding that plaintiff does not have an action in assumpsit to collect the rent for the month of August 1943. Our judgment is based solely upon the proposition that there was no provision in the lease to carry the covenants to the assignee, and that the right to confess a judgment against the lessees was given only "in favor of the said party of the first part".

Now, March 30, 1944, the petition to strike off the judgment confessed November 5, 1943, for $100 rent is sustained, and the rule granted thereon made absolute, at the cost of plaintiff.